Robert A. Myers, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Jay B. Noble,* with him *Michael H. Roth,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Blatt, November 16, 1977:

Robert A. Myers, Jr. (claimant) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's refusal to award him unemployment compensation. He was disqualified from benefits pursuant to Section 402(b) (1) of the Unemployment Compensation Law[1] for voluntarily leaving work without cause of a necessitous and compelling nature.

The claimant had been employed for approximately two years as a supervisor in the accounting department of the Southeastern Pennsylvania Transportation Authority (SEPTA) when he began to experience

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (1).

symptoms of high blood pressure, including dizziness and chest pains. On October 2, 1975 he was advised by his physician to leave work for reasons of health and he finally did so on November 13, 1975. It is undisputed that he voluntarily terminated his employment at that time, and the only question presented for the unemployment compensation authorities to resolve was whether or not his reason for doing so was compelling and necessitous. The referee determined that the claimant had not shown such compelling and necessitous reason, and the Board agreed.

The burden was clearly upon the claimant here to establish a necessitous and compelling reason for leaving work. *Strelinski v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 65, 367 A. 2d 330 (1977). The Board adopted the referee's specific findings, which were based upon the claimant's own testimony, that he left work without notice to SEPTA and without requesting a leave of absence or a change in work assignment. He made no effort to preserve his employment by seeking different work within his capabilities, and he was, therefore, not eligible for unemployment compensation benefits when he terminated his employment. *Unemployment Compensation Board of Review v. Kapsch*, 18 Pa. Commonwealth Ct. 456, 336 A.2d 652 (1975). He apparently believed that no other work was available for him, but, as we have previously held, a claimant is not justified in assuming that lighter work is unavailable, and a request for such work must be made regardless of how the employee believes the employer can or will respond. *Tollari v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973).

There being no contradictory evidence, the Board's findings must be sustained, and we believe the Board properly applied the law to the facts in this case and

that the claimant failed to meet his burden of proving a necessitous and compelling reason for leaving SEPTA. We will, therefore, affirm the Board's order denying benefits.

ORDER

AND Now, this 16th day of November, 1977, the order of the Unemployment Compensation Board of Review, denying benefits to Robert A. Myers, Jr., is hereby affirmed.