Catherine A. Fera, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 2, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sittting as a panel of three.

*Nathaniel C. Nichols,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., February 27, 1978:

This is an appeal from respondent's affirmance of a denial of benefits to petitioner on the ground that she voluntarily terminated her employment without cause of a "necessitous and compelling nature" as required by Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802-(b)(1). We affirm.

Petitioner had been employed as a plan administrator for approximately nine months, during which time she was apparently subjected to job pressure and a constant work backlog because of personnel shortages. She left her job on June 23, 1975, on the advice of a physician who had been treating her for migraine headaches since January 1975. Prior to leaving, she did not request her employer to find other work or for a leave of absence, although she did explain her absence in a telephone call to the employer (apparently on June 24, 1975) and obtained a note from her physician, dated June 20, 1975, which stated that due to her tension state, her job was "medically contra

indicated." In response to a Request for Doctor's Certification from the Bureau of Employment Security (Bureau), her physician stated that he considered her able to accept gainful employment as of July 28, 1975, the date of the response. The claimant had filed her application for benefits on July 25, 1975, effective July 22, 1975. The Bureau thereupon denied benefits. At a hearing before a referee, petitioner testified that she had not requested a leave of absence because she felt that even after such a leave, "I'd still have the same pressure and I'd end up in the same place." At a second hearing held after remand for additional testimony, petitioner stated that she did not request other work from her employer because she felt that it had no other jobs for which she was qualified.

It is well established that persons who have left work alleging that their jobs have adversely affected their health "are required to make a reasonable effort to preserve their employment by requesting work compatible with their condition." *Nedd v. Unemployment Compensation Board of Review*, 24 Pa. Commonwealth Ct. 514, 516, 357 A.2d 268, 269 (1976). Here petitioner admitted that no such request was made. Her counsel contends that since she felt that her employer had no other jobs for her, she should not be denied benefits. That argument falls under the rule recently set forth in *Myers v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 384, 386, 379 A.2d 666, 667-68 (1977), that "a claimant is not justified in assuming that lighter work is unavailable, and a request for such work must be made regardless of how the employee believes the employer can or will respond." Nor can we agree with the contention that respondent's decision lacked the requisite substantial evidence.

Accordingly, we will enter the following

ORDER

Now, February 27, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-135736, dated October 13, 1976, is hereby affirmed.