Esther Lee, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Jan Kuha,* for appellant.

*Reese F. Couch,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 8, 1979:

The appellant, Esther Lee, was denied unemployment compensation benefits by the Bureau of Employment Security, the referee and, on appeal, by the Unemployment Compensation Board of Review (Board) on the basis that she had voluntarily terminated her employment without cause of a necessitous and compelling nature as prohibited by Section 402(b)(1) of the Unemployment Compensation Law.[1] This appeal followed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

The findings of fact which are supported by substantial evidence indicate that the appellant voluntarily terminated her employment because her employer's plant was moved a distance of eleven miles and she was unwilling to travel to the new location. The law is clear that while transportation inconveniences may provide a necessitous and compelling cause for leaving employment, they must be so serious and unreasonable as to present a virtually insurmountable problem and the claimant must demonstrate that he or she took reasonable steps to remedy or overcome the transportation problems prior to severing the employment relationship. *Correa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977); *Boob v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 624, 337 A.2d 293 (1975). The record in this case reveals that the appellant had several viable transportation opportunities available to her including having her husband drive her to work or to the bus stop one and one-half miles away and that her husband could buy her a car to drive to work or to drive to the bus stop. Under these circumstances, we believe that the findings of fact as a matter of law support the denial of unemployment compensation benefits.

The appellant argues further that the referee erred by failing to find as a fact the total distance required to be traveled by the appellant to the new location, *i.e.,* seventeen miles in all from her home to the employer's relocated plant, the finding having been merely that the added distance brought about by the plant relocation was eleven miles. We do not believe, however, that this omission affects the finding that transportation opportunities were available which the appellant failed to establish were inconvenient and unreasonable or that this alleged inconvenience presented her with an insurmountable problem.

The Board's order will therefore be affirmed.

ORDER

AND Now, this 8th day of May, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.