George O. Churley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1979, before Judges WILKINSON, JR., BLATT and MacPHAIL, sitting as a panel of three.

*Dorean D. Nelson,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 13, 1980:

George O. Churley (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision that he was ineligible for benefits because he voluntarily terminated his employment without cause of a necessitous and compelling nature.[1]

The claimant was employed by Latrobe Steel Company until August 1, 1977, when a work stoppage occurred at that plant. During the period of the stoppage the claimant accepted a job with Hackney Security (employer) as a security guard and was assigned to work at a location approximately 25 miles from his home. After approximately three weeks, the claimant notified the employer that he was unable to make the trip because his car was too old. Then, because of his transportation difficulties and because he believed that he was going to be recalled to work at Latrobe Steel where the work stoppage had ended, the claimant voluntarily terminated his employment. When he

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1) provides:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

was not called back to work at Latrobe Steel, however, he applied for benefits to the then Bureau of Employment Security which determined that he was ineligible. This decision was affirmed by a referee and by the Board and this appeal followed.

The claimant first contends that his transportation difficulties were such as to amount to a necessitous and compelling reason for quitting his employment. We have held previously, of course, that transportation inconveniences can provide a justifiable reason for quitting work, but they must be so serious and unreasonable as to present a virtually insurmountable problem, and we have then held that the burden of proof lies with the claimant. *Correa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). In addition, we have held that the claimant must demonstrate that he took reasonable steps to remedy or overcome the transportation problems prior to severing the employment relationship. *Lee v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 461, 401 A.2d 12 (1979). The record in this case reveals only that the claimant believed his car could not continue making the trip because it was old. He offered no evidence, however, that the car was in fact inoperable. Furthermore, the record does not indicate that he took any steps to secure alternate means of transportation. Under these circumstances, therefore, we cannot say that the Board erred in determining that he had failed to establish insurmountable transportation difficulties.

In the alternative, the claimant argues that his expectation of being recalled by Latrobe Steel, at substantially higher wages than those paid to him by Hackney Security, was a reasonable one and that it constituted a necessitous and compelling reason for the voluntary termination of his work at Hackney Se-

curity. We have previously held that the mere possibility of obtaining another job is insufficient to constitute good cause for voluntarily terminating one's employment. *Eckenrod v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974). In addition, even if the claimant did have a reasonable expectation of being recalled by his former employer, the fact remains that he was not so recalled. And there is no evidence in the record to indicate that the claimant at that point made any effort to request re-employment with Hackney Security, where, as the record does indicate, continuing employment remained available. We believe, therefore, that he failed to carry his burden of showing a continued justification for leaving his employment. *See Unemployment Compensation Board of Review v. Pennsylvania Power & Light Company*, 23 Pa. Commonwealth Ct. 220, 351 A.2d 698 (1976).

The order of the Board is affirmed.

ORDER

AND Now, this 13th day of February, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Judge DISALLE did not participate in the decision in this case.