Gary Musguire, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John R. Seltzer, Jamison, Seltzer, Harper & Leone,* for petitioner.

*Elsa Newman-Silverstine,* with her *Gary J. Marini,* Assistant Attorneys General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, June 10, 1980:

Claimant Gary Musguire appeals from the Unemployment Compensation Board of Review's order disallowing his appeal from the referee's determination that, under Section 402(b)(1) of the Unemployment

Compensation Law, 43 P.S. §802(b)(1),[1] he was ineligible for benefits because he voluntarily terminated his employment without necessitous and compelling cause.

Claimant was employed as a truck driver, at an hourly rate of $8.44, with Refiners Transport & Terminal Corporation. He was initially assigned to runs originating in West Middlesex, Pennsylvania. In July, 1978, that employer transferred claimant to the Oil City terminal, because of a business slowdown as to the West Middlesex runs. Claimant quit because the transfer would have required him to commute sixty miles between his home and the terminal each day.

Claimant contends that, because his job itself requires ten to twelve hours driving each day, an additional three-hour daily commute to work and back would create a potential safety hazard to himself and others on the highways.

However, we cannot say as a matter of law that a sixty-mile commute to work, without more, automatically requires a finding of necessitous and compelling cause for termination.[2]

Transportation inconveniences may provide a necessitous and compelling cause for leaving employment only where they are "so serious and unreasonable as to present a virtually insurmountable prob-

---

[1] Act of December 5, 1937, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] Although not controlling here, in *Shaw v. Unemployment Compensation Board of Review*, Pa. Commonwealth Ct. , , 406 A.2d 608, 609 (1979), this court held that when an employee knew at the time he accepted employment that the work site was 100 miles from his residence, his subsequent termination was without cause of necessitous and compelling nature. We said there that:

lem and the claimant must demonstrate that he or she took reasonable steps to remedy or overcome the transportation problems prior to severing the employment relationship.'' *Lee v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 461, 463, 401 A.2d 12, 13 (1979); *Correa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977).

We have found it necessary to give very serious thought to claimant's rather compelling safety hypothesis. But it is only an hypothesis, we have concluded, and that is the fatal weakness in claimant's position. Claimant did not try commuting to the new terminal location, even for a single day. Nor did claimant indicate the absence of alternative commuting means. Hence, claimant presented no specific or empirical evidence as to the impossibility of solving the admittedly substantial commuting problem.

Therefore, the referee did not capriciously disregard competent evidence in concluding that claimant failed to meet his heavy burden to prove that the transportation difficulty was virtually insurmountable.

Therefore, we affirm the order of the board.

ORDER

AND Now, this 10th day of June, 1980, the order of the Unemployment Compensation Board of Review (B-165713) dated November 14, 1978, is affirmed.

---

This is admittedly a close case, since the need to travel 200 miles each day to engage in work surely indicates a serious question as to the suitability of the work. However, when one considers the claimants hourly wage of $11.10 and the possibility of relocating, in order to retain a well-paying job and to eliminate the transportation problem, we are not persuaded that his job . . . was unsuitable work.