April Lynn Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Ronald Chicka,* with him *Alex E. Echard,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by President Judge Crumlish, July 21, 1981:

April Lynn Taylor appeals an Unemployment Compensation Board of Review determination denying her benefits for voluntarily terminating her employment without cause of a necessitous and compelling reason.[1]

Taylor was employed as a bartender by the Lincoln Inn until her last day of work on December 16, 1979, when she was questioned about a charge made by a customer that she was giving away free drinks. Taylor denied giving away free drinks and the employer told her that she was not to do so in the future. The employer inquired further about the number of "No Sales" rung up on the cash register which Taylor interpreted as an accusation of theft. The employer responded, "I ain't accusing you of stealing. If I was accusing you of stealing, I'd fire you right now." After this exchange, she continued to work for approximately one hour and then walked off the job one-half hour prior to normal quitting time. The record indicates that the employer was satisfied with Taylor's work and that she could have continued working if she had not walked off the job. Affirming the referee's denial of benefits, the Board concluded that the employer's reprimand did not constitute either an unjust accusation or necessitous and compelling reason for termination. We agree.

Resentment of a reprimand, absent unjust accusations, abusive conduct or profane language, does not constitute a necessitous and compelling reason to terminate. *Ounan v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 432, 409 A.2d

---

[1] Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

972 (1980). If substantial evidence exists showing that an employee voluntarily terminated because he resented a reprimand by his employer, benefits should be denied.

A careful review of the record convinces us that the Board acted within its province in finding that the employer's reprimand was not an unjust accusation. Although conflicting testimony was presented, we have consistently held that "[t]he resolution of conflicts in the evidence and the assessment of the credibility of the witnesses and the weight to be accorded to items of evidence are matters for the Board." *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 427, 376 A.2d 314, 315 (1977). Although Taylor testified that the employer had accused her of stealing from the register, the Board's conclusion that the employer did not make or intend any direct or unjust accusation of theft was based on substantial evidence in the record. This simple reprimand did not give rise to a necessitous and compelling cause for Taylor to terminate her employment.

Affirmed.

## ORDER

The Unemployment Compensation Board of Review order at B-80616, dated March 12, 1980, denying benefits to April L. Taylor is affirmed.

Date: July 21, 1981

## AMENDED ORDER

The Order of this Court previously entered on July 21, 1981, is hereby amended to read as follows:
The Unemployment Compensation Board of Review order at B80-6-I-16, dated March 12,

1980, denying benefits to April L. Taylor is affirmed.

Date: July 23, 1981