Elizabeth B. Yurack, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

48

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*D. Michael Stine,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 23, 1981:
Elizabeth Yurack (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of bene-

fits pursuant to Section 402(b)(1) of the Unemployment Compensation Law.[1] We affirm.

Claimant's driver's license was suspended for medical reasons and as a result she submitted her resignation claiming that since she lived 37 miles from work and could not drive, she had no way to get to her job.

Claimant has the burden of proving that a voluntary termination of employment was for cause of a necessitous and compelling nature. *Gaiser v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 259, 423 A.2d 57 (1980). Where the party with the burden of proof does not prevail before the Board, as in the instant case, this Court's scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether the findings can be sustained without a capricious disregard of competent evidence. *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

For transportation difficulties to constitute a necessitous and compelling reason for leaving employment, the Claimant must first "demonstrate that he or she took reasonable steps to remedy or overcome the transportation problems prior to severing the employment relationship." *Lee v. Unemployment Compen-*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which states in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Pursuant to the Act of July 10, 1980, P.L. 521, Section "402(b)(1)" is now Section "402(b)" of the Law, 43 P.S. §802(b).

*sation Board of Review,* 42 Pa. Commonwealth Ct. 461, 463, 401 A.2d 12, 13 (1979).

A review of the record in the instant case reveals that Claimant did not take reasonable steps to overcome her transportation problem. An employee in Claimant's circumstances should request her employer's assistance in finding transportation. *Simpson v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 246, 395 A.2d 309 (1978). Had such a request been made here, her employer might have helped Claimant make arrangements with a co-worker to alter his or her commuting arrangements to include Claimant. Alternately, the employer might have been able to arrange a car pool[2] with employees from another of its plants or adjust Claimant's hours so as to enable her to conveniently ride with her husband, who worked for the same employer at another location and on a different shift. *Abraham v. Unemployment Compensation Board of Review,* 200 Pa. Superior Ct. 476, 190 A.2d 156 (1963). Only after a showing by the Claimant of some unavailing effort to overcome her transportation difficulties, can she claim the problem is insurmountable and that her termination was for necessitous and compelling reason.

No such effort was demonstrated here.

Accordingly, we enter the following

## ORDER

AND Now, September 23, 1981, the order of the Unemployment Compensation Board of Review, No. 174869, dated August 15, 1979, denying benefits in the above-captioned matter is hereby affirmed.

---

[2] *Mitchell v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 291, 405 A.2d 598 (1979) states that an employee with transportation problems should investigate the possibility of a car pool as alternative transportation.