Helen L. Purnell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 11, 1982, to Judges Blatt, Williams, Jr. and Doyle, sitting as a panel of three.

372

*Anthony E. Jackson, Crawford, Crutchfield, Jackson & Evans,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, August 18, 1982:

The claimant, Helen L. Purnell, appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] She argues that she had cause of necessitous and compelling reason for terminating her employment.

The claimant has the burden of proving the existence of necessitous and compelling circumstances sufficient to justify a voluntary termination. *Borman v. Unemployment Compensation Board of Review,* 12 Pa. Commonwwealth Ct. 241, 316 A.2d 679 (1974), and where, as here, the party with the burden of proof has failed to prevail below, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and whether or not they can be sustained without a capricious disregard of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

competent evidence. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). The issue of cause of necessitous and compelling nature is, of course, a question of law and, therefore, subject to review by this Court. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

The claimant, who was the only black clerk in the employ of Viz Manufacturing Company (employer), testified that she had resigned her position because of dissatisfaction with the manner in which work assignments were assigned to her and her fellow-workers. On appeal to the Board and to this Court she has strenuously asserted that her employer displayed a racially discriminatory attitude and acted discriminatorily toward her by the manner in which he distributed work assignments and by the "either do the job or else" ultimatum he delivered to her when she refused to do the work assigned to her. The record is devoid of any evidence of racial discrimination, however, and the question, therefore, becomes whether or not dissatisfaction with work assignments constituted a necessitous and compelling reason for her voluntary termination of her services.

It is well-settled that, by voluntary acceptance of employment, an employee admits the suitability of the wages and conditions of that employment and that, in order to overcome this presumption of suitability, a claimant must prove that the initial working conditions changed or that, at the time the employment began, he had been deceived as to, or was not aware of, the conditions alleged to be onerous. *Kistler v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 465, 416 A.2d 594 (1980).

The claimant's dissatisfaction stemmed from having to do the work of a second employee in addition

to her own work when the second employee was absent from work. She testified that, although she had been hired and trained to do the work of the second employee when that employee was absent, she believed it was unfair that her own work had not then been done by a third employee who "was supposed to do it" at such times.

The employer testified here that:

[O]ur office isn't a large office and our, our girls, as Mrs. Purnell mentioned, the girls work between each other. They, we don't have strict assignments. Just one person does one thing and just one person another. When someone is out, they, they pitch in.

It is clear, therefore, that the work assignments and the follow-up ultimatum given the claimant were based upon conditions of employment of which she was aware from the outset and which have remained constant, and that by accepting employment, she therefore admitted its suitability. In her letter of resignation, she also complained that her wages were less than those of other employees similarly classified. She has, however, failed to produce any evidence in support of this allegation. We are, therefore, faced with a situation similar to that in *James v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 489, 492-93, 296 A.2d 288, 289-90 (1972), where we said that:

[I]f the record had disclosed substantial evidence indicating racial discrimination to be the compelling and necessitous cause for her voluntary termination of employment, she would have been entitled to unemployment compensation benefits. However, as in the case before us, dissatisfaction with wages or working assignment does not constitute cause of a neces-

sitous and compelling nature for terminating employment.

Because, therefore, the claimant has failed to meet her burden of proving a cause of necessitous and compelling reason for voluntarily terminating her employment, we will affirm the order of the Board.

ORDER

AND Now, this 18th day of August, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.