Carl D. Dickhoff, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 1, 1982, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Edward R. Schellhammer,* with him *John D. Gibson, Stephen E. DiNovis,* and *Martin Nadorlik,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 26, 1982:

This is an appeal by Carl D. Dickhoff (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision that Claimant had voluntarily terminated his employment without cause of a "necessitous and compelling" nature and was therefore disqualified from receiving unemployment compensation benefits by Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).[1] We affirm.

Claimant resides with his wife and children in Johnstown, Pennsylvania. Following the bankruptcy of his personal business, Claimant sought employment which would enable him to leave the Johnstown area. In August, 1979, he was hired by the Maryland State Department of Education, Bureau of Vocational Rehabilitation (Employer) as a counselor with an annual salary of $12,574. Claimant's job was located in the area of Baltimore, Maryland. As a result, he lived with relatives in Baltimore during the work week and commuted home for weekends. Ostensibly this arrangement was to last only so long as it took Claimant to acquire the means to relocate his family to Maryland. On December 10, 1979, however, Claimant ten-

---

[1] Pursuant to Section 13 of the Act of July 10, 1980, P.L. 521, Section 402(b)(1) is now Section 402(b) of the Law, 43 P.S. §802(b).

dered a letter of resignation to Employer effective December 28, 1979, which stated that he was leaving for unspecified "personal reasons." He never discussed any emotional or medical problems with Employer prior to terminating his employment because he felt it was not Employer's concern. Claimant applied for benefits and the Bureau (now Office) of Employment Security determined that Claimant had left his employment voluntarily but with cause of a necessitous and compelling nature under Section 402(b)(1) of the Law. Employer appealed and a referee's hearing was held after which Claimant was deemed disqualified from receiving benefits by reason of his failure to establish cause of a necessitous and compelling nature for voluntarily terminating his employment. Claimant again appealed, the Board affirmed the referee, and the appeal to this Court followed.

The burden of proving cause of a necessitous and compelling nature for voluntarily terminating employment such as to render a claimant eligible for unemployment compensation benefits rests with the claimant. *Stiffler v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 44, 438 A.2d 1058 (1982). Where, as here, the party with the burden of proof has not prevailed below, this Court's scope of review is limited to a determination of whether the findings of fact can be sustained without a capricious disregard of competent evidence and are consistent with each other and with the conclusions of law. *Spinelli v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 358, 437 A.2d 1320 (1981).

Claimant asserts that the Board was in error in not finding he had cause of a necessitous and compelling nature for terminating his employment. Specifically, he contends that the evidence shows that he had been unsuccessful in his attempts to sell or rent his house in Johnstown so as to be able to relocate his family to

Maryland and that the resulting absence from his family for five days at a time was causing a substantial deterioration of his emotional health which required him to quit.

To establish health as a compelling reason for quitting a job a claimant must: (1) offer competent testimony that adequate health reasons existed to justify termination at the time of the termination; (2) have informed the employer of the health problem; and (3) have made to the employer a specific request for a transfer to a more suitable position. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547 381 A.2d 132 (1977). A claimant's failure to meet any one of these conditions will bar a claim for unemployment compensation. *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 305, 426 A.2d 719 (1981).

There is no dispute that Claimant was experiencing emotional difficulties and was advised by his physician to leave his job, thus satisfying the requirement of the first condition. There is a dispute, however, as to whether Claimant satisfied the requirement of the second condition. At the referee's hearing Claimant testified that he had discussed his situation with Employer. In his letter of resignation, however, Claimant made no reference to his health. Instead, he merely stated that he was quitting for "personal reasons." When questioned about this at his hearing, Claimant testified:

> I did not want to go on record with the employer as to the exact reason for my leaving the job. I felt it was not their concern at that time and it would be . . . it could be held against me in further seeking employment.

It is the province of the Board as the ultimate finder of fact, not this Court, to resolve conflicts in the evidence and to assess the credibility of witnesses and the

weight of the evidence presented. *Taylor v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 5, 432 A.2d 642 (1981). Here the Board found that Claimant had failed to notify Employer of his condition. In so doing, it was merely resolving a conflict in the evidence. We therefore cannot hold that there has been a capricious disregard of competent evidence and must affirm the Board's finding. *Slayton v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981).

By way of an alternative argument, Claimant contends that there was no need for him to inform Employer of his condition because the only answer to his problem was to be able to stay with his family in Johnstown and Employer, being confined to Maryland, was powerless to aid him. Claimant also posits this argument as an excuse for his clear failure to satisfy the requirement of having requested Employer to transfer him to a suitable alternative position. While an employee who quits for reasons of health may be excused from the requirement of requesting a transfer to a position suitable to his condition where it is shown that such a request would have been futile, *Deiss*, we do not believe that this exception can also excuse the employee from at least informing the employer of his health problem. Moreover, Claimant has presented no evidence, beyond his own presumption, that it would have been to no avail for him to discuss his situation with employer and ask if something could be done to enable him to retain his job or even that the *only* remedy to his health problem was to terminate his employment.[2] Absent such evidence and in light of

---

[2] It is well settled that an employee's failure to request suitable alternative employment can not be excused solely on the grounds that the employee *assumed* that such employment was not available. *Myers v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 384, 379 A.2d 666 (1977) ; *cf. Yurack v. Unemploy-*

Claimant's failure to inform Employer of his condition, we find it impossible to conclude that Claimant has made the good faith effort to retain his employment necessary for his voluntary termination to be deemed to have been for cause of a necessitous and compelling nature, *Fera v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 47, 382 A.2d 799 (1978), and we therefore enter the following

### ORDER

Now, August 26, 1982, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-184951, dated June 9, 1980, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

*ment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 47, 435 A.2d 663 (1981) (employee faced with transportation problem is not excused from requesting employer for assistance based on employee's assumption that no alternative transportation can be arranged).