Earle T. Bittner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

66

Submitted on briefs September 15, 1983, to Judges MacPhail, Doyle and Barbieri, sitting as a panel of three.

*Robert L. Walsh, Apfelbaum and Walsh,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, December 13, 1983:

This is an appeal by Earle T. Bittner (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits under Section 402(b) of the Unemployment Compensation Law.[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.* 43 P.S. §802(b).

· Claimant was employed by the Northumberland County Employment and Training Agency as an administrative assistant for a period of almost five years. In April of 1981, Claimant was hospitalized because of a heart attack but returned to work in June of that year. On June 24, 1981, Claimant submitted a letter of resignation citing his personal health, dissatisfaction with policy and possible layoffs due to lack of funding as his reasons for terminating his employment.

A claimant voluntarily terminating his employment bears the burden to show cause of a necessitous and compelling nature. *Dickhoff v. Unemployment Compensation Board of Review*, 68 Pa. Commonwealth Ct. 452, 449 A.2d 807 (1982). To establish health as a compelling and necessitous cause for terminating one's employment[2] a claimant must: 1) offer competent evidence that at the time of his termination adequate health reasons existed to justify termination and 2) inform the employer of the health problem. *Dornblum v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 547, 466 A.2d 747 (1983).[3] Our careful review of the record in the case at bar reveals no competent evidence establishing that at the time of his termination the Claim-

---

[2] The referee's decision held that neither Claimant's dissatisfaction with the policy directions of the employer's management, nor his expectation of possible lay-offs constituted cause of a necessitous and compelling nature. Claimant did not appeal those aspects of the referee's decision to the Board, and they are consequently not before us on review.

[3] These two conditions for establishing health reasons as a cause of necessitous and compelling nature survive the Supreme Court's refinement of this area of the law in *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). For further discussion of the *Genetin* refinement see *Dornblum*.

68

ant had adequate health reasons to justify his termination;[4] nor was there evidence that his employer was informed that his medical condition made it impossible to perform his duties without risk to his health.[5] The failure to satisfy either of these conditions constitutes failure to sustain his burden of proof. *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

Accordingly, we affirm.[6]

---

[4] Claimant testified only that his doctor had told him that if he returned to work and the stress became too much, it would be imperative that Claimant leave. Claimant offered no medical documentation that his employment posed a health risk, nor did he testify that the stress *had* become too much. He testified only that the stress, together with his dissaisfacion with the employer's management policies and the possibility of lay-offs contributed to his decision to resign. This does not constitute competent evidence to establish that a medical reason existed for his termination. *See Steffy v. Unemployment Compensation Board of Review*, 499 Pa. 367, 453 A.2d 591 (1982).

[5] It is clear that the employer knew Claimant had suffered a heart attack and recognized that, generally, undue stress is to be avoided under such circumstances. The record indicates that when Claimant returned to work after his heart attack he was at first given less stressful duties but was soon returned to work which the employer admits involves a good deal of stress. What is lacking is any indication in the record that Claimant informed the employer that he could not deal with the stress and adequately guard his health. The only notice to the employer that his medical condition might require Claimant to terminate employment was contained in the resignation letter, and, as noted above, was presented as one of three factors in combination which led to the decision to resign.

[6] The Board, in its determination, addressed only the issue of whether Claimant had requested transfer to a less stressful position or requested a leave of absence. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982) dispensed with any requirement that a claimant specifically request a transfer. *See supra* note 3. We have recently held that, under *Genetin*, a Claimant is not required to seek a leave of absence.

## ORDER

Now, December 13, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-202230, dated December 29, 1981, is hereby affirmed.

*Dornblum.* Our reading of the record and the discovery that it contains no competent evidence to satisfy other conditions for establishing health as a cause of a necessitous and compelling nature, however, obviates the need for a remand.