Henrietta L. Slaseman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs before Judges CRAIG, DOYLE and BARBIERI, sitting as a panel of three.

*William B. Anstine, Jr., Anstine & Anstine,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, March 2, 1984:

This unemployment compensation case comes before us on an appeal by Henrietta L. Slaseman (Claimant) from the denial of benefits by the Unemployment Compensation Board of Review on the ground of ineligibility under Section 402(b) of the Unemployment Compensation Law[1] because her unemployment is due to voluntarily leaving her work without cause of a necessitous and compelling nature. We will affirm.

The facts are that Claimant's employer, Colebrook Terry, Inc., closed the plant where she was working in York and offered her employment in the Colebrook plant. The place of employment in York is 19 miles from her home and the place of employment in the Colebrook plant is 39 miles from her home. After test-driving the distance to the Colebrook plant and, on the advice of her husband, Claimant refused employment in Colebrook.

The sole issue in this case is whether a requirement to drive an additional forty miles per day constitutes, in and of itself, a necessitous and compelling reason for terminating employment.

We have held that even a sixty mile commute, in and of itself, is not a necessitous and compelling reason for terminating employment. *Musguire v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 137, 415 A.2d 708 (1980). Since Claim-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

584

ant offered no reason other than dissatisfaction with the additional forty mile commute per day for terminating her employment, and since this reason, under the facts and circumstances of this case, is not legally sufficient, we will affirm. *See Churley v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 324, 410 A.2d 1309 (1980).

ORDER

Now, March 2, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-205626, dated May 13, 1982, is affirmed.