Orrie U. Long, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

530

Submitted on briefs March 14, 1984, to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Joseph M. James*, for petitioner.

*Charles G. Hasson*, Acting Chief Counsel, with him, *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

Opinion by Judge Blatt, May 16, 1984:

Orrie U. Long, Sr. (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which denied him benefits pursuant to Section 402 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Special Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (voluntary quit).

After receiving an employment referral from his union, the claimant, who lived in Pittsburgh, Pennsylvania, secured employment with the Bechtel Power Corporation, in Salem, New Jersey. On August 9, 1981, he and his wife drove from Pittsburgh to Salem and attempted to find regular lodging in that area. They stayed that night at a motel, which they were required to leave the next morning. He began work that day. Thereafter, he and his wife were left with no alternative but to sleep in their truck, for they could find no other accommodations. The truck was still filled with their household goods and they attempted to find somewhere to live, but learned that a sudden influx of new workers into the area had taken up all accommodations. They made inquiries at four or five hotels, and six real estate offices, answered twelve newspaper advertisements, and also inquired at trailer courts in an area which covered a forty to sixty mile radius around Salem. While these efforts were being made, the claimant missed work on August 11 and 12, and then decided he would have to quit work and return to Pittsburgh. When the company refused to release the check for the wages then due him he stayed in Salem until he received the check and then went home to Pittsburgh on August 20.

The referee denied benefits, and the Board affirmed the decision, reasoning that the claimant's search for housing was neither "exhaustive or

lengthy'' and, therefore, that his rationale for the termination of his employment was not necessitous and compelling. The narrow question presented for our review, therefore, is whether or not a claimant who terminates his employment due to an inability to secure lodging in the vicinity of his employment, after making the effort made here, has terminated his employment for reasons that are necessitous and compelling and, therefore, is entitled to benefits.

Section 402 of the Law, 43 P.S. §802(b), in pertinent part, provides:

> An employe shall be ineligible for compensation for any week—
>
> (b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . . :

Where the party with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether or not findings of fact are consistent with each other and with conclusions of law, and if they can be sustained without a capricious disregard of competent evidence. *Adamski v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 639, 441 A.2d 502 (1982). And the burden of proving necessitous and compelling circumstances to terminate employment is on the claimant. *Coyle v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 170, 424 A.2d 588 (1981). The issue of the existence of a necessitous and compelling cause for voluntary termination of employment is, of course, a question of law, and always subject, therefore, to review by this Court. *Purnell v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 371, 449 A.2d 113 (1982).

The precise issue presented here is one of first impression, and, in deciding it, we must be guided by the

general precept in construing the Unemployment Compensation Law, which is that "presumably, an unemployed worker in a covered employment is entitled to benefits, and loses them only when he falls under the condemnation of a disqualifying provision of the act, *fairly, liberally, and broadly interpreted." Trexler v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 180, 184, 365 A.2d 1341, 1344 (1976) (quoting *Sturdevent Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 560, 45 A.2d 898, 904 (1946)) (emphasis added).

Inasmuch as there is no law on this precise question that would guide us in its resolution, we will adopt the legal test employed by this Court in determining whether a cause of a necessitous and compelling nature exists when a claimant is confronted with transportation difficulties. This is that such a claimant must prove that the transportation problem is a virtually insurmountable one, and he must demonstrate that he took reasonable steps to remedy or to overcome the problem. *Musguire v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 137, 415 A.2d 708 (1980). *Accord Yurack v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 47, 435 A.2d 663 (1981), *Snow v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 396, 433 A.2d 922 (1981).

Our thorough and careful review of the record persuades us that the claimant here proved his case. He sought living accommodations in an area that covered a forty to sixty mile radius from the city of his employment. His efforts included inquiries at hotels, real estate agencies and trailer courts, and the response to newspaper advertisements. We believe, therefore, he was confronted with an insurmountable problem and that he took reasonable steps to remedy

534

it. We also note, too, that while trying unsuccessfully to find accommodations, he and his wife were sleeping in their truck, which was already full of their household goods and their clothing.

There being no evidence on the record to refute the facts recited above, we will, therefore, reverse the decision of the Board.

ORDER

AND Now, this 16th day of May, 1984, the order of the Unemployment Compensation Board of Review is reversed and remanded for computation of benefits.

Jurisdiction relinquished.