[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an unemployment compensation appeal filed pursuant to statute. The Administrator found the claimant eligible for benefits, and the employer appealed that decision. The Appeals Referee, after a de novo hearing, reversed the Administrator's decision. The claimant successfully moved to reopen that decision, and after a new hearing, the Referee reversed the Administrator's decision. On appeal, the Board of Review adopted the Referee's findings and affirmed the Referee's decision. This appeal to the Superior Court followed.
The facts adopted by the Board of Review essentially found the following:
The employer's appeal from the Administrator's award of benefits from May 5, 1996, was based alternately on the claimant's voluntary quitting of her job and also on the fact of CT Page 13130 a discharge for wilful misconduct. The claimant was a full time bookkeeper from November 9, 1992 until April 18, 1996, when her employer could no longer hold the claimant's job.
The claimant, who last worked March 1, 1996, began a one month leave of absence on March 4, 1996. Since she did not renew the leave request, did not contact her employer, and did not provide medical documentation for the leave, the claimant was terminated effective April 18, 1996.
The employer wrote to the claimant March 1, 1996 regarding her leave. On March 1, 1996, she appeared with ace bandages on her wrists and indicated she could no longer type. Since the office had only four people, the employer had no light duty jobs available that did not involve typing and had to place the claimant on a leave of absence.
The employer told the claimant that she had to supply updated medical reports and progress reports on her condition to get the leave of absence. The claimant did not provide medical documentation to the employer indicating she could not perform the required job duties or that the job was unsuitable.
The claimant provided some documentation stating that she fractured her right wrist for which she was to receive physiotherapy beginning the week of January 22, 1996 and that she would be reevaluated on February 26, 1996. The claimant had a return to work document dated February 26, 1996 indicating she could return to regular duties February 26, 1996, with the restriction that she limit typing as much as possible. She did return to work but refused to type, stating she could not do it. The employer then requested medical documentation regarding the claimant wearing bandages on both hands. The claimant did not provide any documentation.
The employer contacted the claimant's physician to learn the exact nature of her condition, her job restrictions and the estimated time she would be unable to perform her job duties. The claimant's physician refused to supply any information. Since the claimant failed to provide documentation, the employer wrote to her on April 4, 1996, informing her that her unpaid medical leave of absence which began March 4, 1996 had expired. As a result of a lack of medical documentation regarding her condition or her return to work, the employer informed her that if he did not receive the necessary documentation by April 10, 1996 so that he CT Page 13131 could evaluate her situation, the medical leave would not be extended and she would lose her position.
The claimant received the employer's letter of April 4, 1996 on April 8, 1996 and turned it over to her attorney on April 9 or April 10 for a response, but no response was made until a fax was sent to the employer on April 15, 1996. The claimant contends she spoke to the employer the morning of April 8, 1996 at which time the employer inquired about her letter. She contends that she informed him she could return to work, but that her doctor did not verify her restrictions and also that she was being sent to a work hardening course so her doctor could determine her progress and whether she could perform her job duties. The employer denies having the April 8 conversation, indicating that he was waiting for her response to the April 4 letter, and that there was no contact from the claimant until the fax on April 15, 1996.
The claimant was aware that she had a one month leave of absence and that she needed to supply medical documentation. She saw her physician on approximately March 27, 1996 at which time the work hardening program was recommended starting April 15, 1996. During March 1, 1996 through March 22, 1996, the claimant went for physiotherapy approximately three times per week, working with weights. After physiotherapy was completed, she saw her doctor on March 27, 1996. She forgot to obtain notes charting her progress from either the physical therapist or her doctor. She last saw her doctor on April 29, 1996 and was released without any restrictions for May 13, 1996. The claimant suffered from a mild case of carpal tunnel syndrome in the left hand and arm and did not receive any treatment other than wearing a splint when she typed. The right hand was injured in the accident.
When she questioned her physician about the type of information she needed to provide her employer, the claimant was told she was not required to give a full report since it was not a worker's compensation injury. The claimant knew her inability to perform her normal job duties put a strain on the office staff. As of April 15, 1996, the claimant still did not have a medical report of her condition, as she assumed she had been terminated.
The Referee found that the employer made a reasonable request for medical documentation and that the claimant was discharged for wilful misconduct for refusing to reply to the employer's requests for substantiation. The Board of Review upheld the CT Page 13132 findings and conclusions of the Referee, finding sufficient evidence to support them. Specifically, the Board found the employer's request for documentation reasonable and that the medical notes offered were insufficient. While the Board found that the employer's request may have been overbroad and intrusive, it also found that the employer was entitled to clarification as to the nature of the injuries and the extent to which they prevented the claimant from performing her customary job duties. The Board found no reasonable justification to excuse the claimant's total noncompliance and concluded that the noncompliance constituted wilful misconduct in the course of her employment. Therefore, the Board disqualified the claimant from receiving benefits.
 I
This court may not retry an unemployment compensation case on appeal. The court's role is limited to determining whether the Board of Review's decision is "arbitrary, illegal or an abuse of discretion." United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385-86, 551 A.2d 724 (1988). Moreover, the construction of a statute or regulation by an administrative agency, while not controlling, is entitled to considerable deference. Griffin Hospital v. Commission on Hospitals and HealthCare, 200 Conn. 489, 496, 512 A.2d 199 (1986). Indeed, the application of the appropriate law under Connecticut General Statutes §§ 31-235 and 31-236 to the facts of the case involves mixed questions of fact and law in which the expertise of the agency is highly relevant. United Parcel Services, Inc. v.Administrator, supra, 209 Conn. 386.
The facts of this case have been established by the agency below. "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached." Practice Book, § 22-9 (a). Therefore, the court is bound by the findings of subordinate facts and the reasonable conclusions of the Board.Finkenstein v. Administrator, 192 Conn. 104, 112-13,470 A.2d 1196 (1984). The court may not simply substitute its conclusions for those of the Board, absent an arbitrary, unreasonable, or illegal decision below. Calnan v. Administrator,43 Conn. App. 779, 785, 686 A.2d 134 (1996). If the Board's decision reflects a correct application of the law to the CT Page 13133 findings of fact, it must stand if the conclusion could reasonably follow from those findings. Calnan v. Administrator, supra,43 Conn. App. 784-85. Only the agency may weigh the evidence and assess credibility. Id. The court's jurisdiction is particularly limited when, as here, no motion to correct the finding has been filed. Id. at 783-85; Petela v. Administrator, 33 Conn. Sup. 119,121, 365 A.2d 635 (1974).
The claimant's argument at the court hearing evidenced disagreement with some of the facts found by the Referee. Unfortunately she did not file a motion to correct, and in the final analysis the court is bound by the facts which have been presented to it by the Board.
General Statutes, § 31-236 (a)(2)(B) provides that a person is ineligible for benefits if that person is discharged for wilful misconduct in the course of his employment.
General Statutes § 31-236 (a)(15) defines "wilful misconduct" as "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not the result of the employee's incompetence. . . ."
Section 31-236-26 (a) of the Regulations of Connecticut State Agencies in effect until 1997, provided that to find wilful misconduct, the Administrator must find: "(1) the individual committed the act intentionally or deliberately or with reckless indifference for the probable consequences of such act; and (2) the individual intended the act to have a detrimental effect on his employer or evinced a reckless disregard of a substantial employer interest.
Connecticut cases also hold that wilful misconduct is conduct evincing wilful disregard of an employer's procedures, or a disregard of an expected standard of behavior. See Bailey v.Administrator, 3 Conn. App. 494, 495, 490 A.2d 92 (1985);Lazarcheck v. Administrator, 1 Conn. App. 591, 594, 474 A.2d 465
(1984).
 II
Requiring the documentation of illness by a physician is not unknown to Connecticut's unemployment compensation regulations; CT Page 13134 nor is the requirement of advising an employer of an individual's condition. See Regs., Conn. State Agencies §§ 31-236-17 (b)(2);31-236-22 (a)(2)(A) and (B); 31-236-23 (a). See also Bennett v.Administrator, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0298410, (March 26, 1993, Spear, J.).
Moreover, decisions from other states appear to support the Board of Review's position. In Bonanni v. Commonwealth,Unemployment Compensation Bd. of Review, 519 A.2d 532, 533-37, (Pa.Commw. 1986), the court held that the claimant's failure to respond to the employer's request for more specific medical information precluded the claimant from receiving benefits. The court found the employer's request to learn what the claimant could, and could not do, was reasonable and should have been satisfied. Other cases are supportive of this position. See WillettMotor Coach Co. v. Board of Educ., 524N.E.2d 1155 (Ill.App. 1988); Saluki v. Employment Appeal Bd., 503 N.W.2d 402, 405 (Iowa 1993); Blackwell v. Commonwealth, Unemployment Compensation Bd.of Review, 555 A.2d 279, 280-281, (Pa.Commw. 1989); Bittner v.Commonwealth, Unemployment Compensation Bd. of Review,468 A.2d 544, 545-46, (Pa.Commw. 1983). Another court held that an "employee has an obligation to communicate his medical problems to his employer." Hoffman v. Commonwealth, UnemploymentCompensation Bd. of Review, 528 A.2d 1050, 1052 (Pa.Commw. 1987).
 III
The issue on appeal is whether the Board's decision upholding the claimant's discharge for wilful misconduct was unreasonable, arbitrary or illegal.
The claimant was placed on unpaid leave of absence and her employer requested medical documentation regarding the extent of her injuries and when she would be able to return to work and resume her duties. Some of the employer's request for extensive medical information was, as the Board observed, intrusive and overbroad. The employer was not entitled to some of the personal information requested. But he was entitled to know the extent of the injury and when the claimant could return — and the request for that was reasonable. The employer needed to know this information, so that he could either continue to accommodate the claimant with further leave, or make alternative plans for the future. CT Page 13135
There is no question the claimant was aware of the request and that she refused to answer it. It is incomprehensible that she expected the employer to continue on in the absence of any
information — which was the precise position she adopted.
In the face of this, it was not unreasonable for the Board to find that the claimant, in wilful disregard of the employer's interest, deliberately ignored the employer's request for medical documentation to continue the leave of absence. Based upon the statutes, regulations and case law, the Board's conclusions were not unreasonable, arbitrary or illegal.
Accordingly, the court affirms the defendant's conclusion and dismisses the appeal.
Samuel S. Freedman Judge Trial Referee