CULPEPPER, Judge.
This is an appeal by Roy V. Perry, from a judgment of the district court which affirmed a decision of the Board of Review, Division of Employment Security, disqualifying plaintiff from the receipt of unemployment compensation benefits.
The record reveals the following findings of fact and opinion of the Board of Review:
“The claimant worked for this employer a period of three years. He was employed as a door to door magazine salesman. He was paid on a strictly commission basis and his earnings were from $70.00 to $80.00 per week. The nature of the employment required that the claimant travel from town to town in performing his duties. The claimant married and after his marriage decided the expense of moving he and his wife did not justify his continued employment.”
“OPINION
“[LSA-] R.S. 23:1601(1) provides that a claimant shall be disqualified for leaving work without good cause connected with the employment. Such disqualification shall continue until such time as the claimant has returned to-work and earned wages equivalent to ten times the weekly benefit amount, and must then have been separated under nondisqualifying circumstances.
“It is noted that the claimant worked for this employer for a period of three-years. The work was suitable and the claimant’s earnings were adequate for this type of employment. After the claimant married he felt that the job was no longer suitable in that the expenses of moving his wife and himself were excessive. The employer was in no way responsible for the change in the claimant’s status which rendered the job unsuitable in the claimant’s *448 viewpoint. His earnings did not decrease from what he had been earning over the three year period of employment and the work duties were not changed. It is found that the claimant left work without good cause connected with the employment.”
The general rules of law applicable here are the same as those set forth in our decision in Perry v. Brown, Administrator, La.App., 162 So.2d 444, rendered this date. Counsel for plaintiffs and defendant are the same in both cases.
In the present matter plaintiff’s principal contention is that the Board of Review erred as to a finding of fact. Plaintiff contends he did not quit his job but instead that he was discharged because he insisted on bringing his wife along as he traveled through his sales territory. Great stress is laid on a letter dated January 21, 1963 from plaintiff’s employer stating that he was no longer one of their sales representatives.
However, the record shows that plaintiff quit his job before receiving this letter. Actually, plaintiff filed a claim for unemployment compensation benefits on October 17, 1962, in which he stated that the last day he worked was October 16, 1962 and that he had to quit because “moving too much, not making expenses at all.” Mr. Swelley, the employment interviewer who talked to plaintiff when his claim was filed, testified plaintiff made a written statement, filed in the record, in which plaintiff states “I quit my job in December because I was not making enough money to pay expenses.”
Thus the evidence shows plaintiff had quit his job long before the letter written by the employer to plaintiff of date, January 21, 1963, notifying him officially that he was no longer a sales representative. It is our conclusion the evidence fully supports the Board’s finding of fact that plaintiff voluntarily quit his job.
On the issue of whether plaintiff had good cause to leave his employment, the applicable law is also set forth in our decision in the case of Perry v. Brown, Jr., Administrator, supra, rendered by us this date. For the sake of brevity we simply refer counsel to that decision. Here also, there is actually no showing that plaintiff suffered any decrease in wages. Furthermore, there is no evidence that plaintiff’s dissatisfaction with his job was caused by any unfair, discriminatory or arbitrary treatment, or by any change in the original agreement as to wages. We think the Board of Review has correctly applied the law to the facts found.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.