George Leshock, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1979, before Judges CRUM-LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Peter B. Macky,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Assistant Attorney General, Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 16, 1979:

George Leshock has appealed a decision of the Unemployment Compensation Board of Review holding him ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), for leaving his employment without cause of a compelling and necessitous nature.

Leshock was employed as a truck driver by Hempt Brothers Construction Company[1] hauling fill in his own truck at a construction site. He clearly quit voluntarily and the only issue is whether he did so for causes of necessitous and compelling nature as he asserts.

He contends that he quit because of what he calls hazardous conditions on the job and because his compensation was, in his belief, inadequate.

Leshock especially presses the asserted hazardous conditions at Hempt Brothers highway construction site. His testimony in this regard was not to the point that he was in personal danger but that he risked striking other workmen with his truck and that his truck was in hazard of being damaged during the work. Essentially the complaint is one of dissatisfaction with working conditions. In order to prevail Leshock would have to show either that the conditions changed after he took the job or that he was deceived when he was hired. *Jones v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 293, 385 A.2d 639 (1978). The record shows that Leshock knew what the conditions at the work site in general would be before he took the job. Furthermore, most of his complaints on this score are belied by the fact that he testified that when he became dissatisfied with the arrangement which included the use of his truck, he asked Hempt Brothers for employment at the same work but using their equipment.

With respect to pay, Leshock went to work for Hempt Brothers at an agreed upon hourly rate of

---

[1] The claimant was subsequently employed by another company and discharged for qualifying reasons. During this employment however he earned less than six times his weekly benefit rate. Section 401(f) of the Law, 43 P.S. §801(f). Therefore, his separation from the employment with Hempt Brothers becomes controlling for eligibility purposes.

compensation of $17 to cover his services at the rate of $7.34 per hour in wages and $9.66 per hour truck rental, the total of the two items not to exceed $17 per hour. He and other truck owners agreed to this arrangement after Hempt Brothers refused their request for compensation of $18 per hour. Leshock received his compensation in two checks, one for wages the other for truck rental. On those occasions when he worked overtime his wage check would be increased on this account, and the check for the use of the truck would be reduced so that the total of both was $17 per hour as agreed. Leshock's complaint was not that his employer failed to pay him in accordance with the agreement but simply that the expenses of maintaining his truck in this heavy work made the compensation inadequate. His complaint in this regard rises to no more than dissatisfaction with the compensation, not a compelling reason for quitting work. *McGuire v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 588, 360 A.2d 315 (1966).

Leshock's astute counsel's argument based on Section 4(c) of The Minimum Wage Act of 1968, Act of January 17, 1968, P.L. 11, *as amended*, 43 P.S. §333-.104(c), requiring overtime pay at one and one-half times regular rate, is ineffective. There is no evidence in the record that Leshock was ever paid less for his services than The Minimum Wage Act of 1968 required. It is clear that he understood that his total compensation for services and truck rental would be $17 per hour; and he makes no complaint that he was ever paid less than he expected or bargained for when he took the job.

Order affirmed.

### ORDER

AND Now, this 16th day of October, 1979, the order of the Unemployment Compensation Board of Review, entered June 30, 1978, is hereby affirmed.