728 P.2d 465

**Harold DAVIS, Petitioner-Appellant,**

v.

**NEW MEXICO EMPLOYMENT SECURITY DEPARTMENT and Hydro-Aire Industries, Inc., Respondents-Appellees.**

**No. 16344.**

Supreme Court of New Mexico.

Nov. 13, 1986.

Henry S. Howe, Farmington, for petitioner-appellant.

C. Reischman, Albuquerque, for respondents-appellees.

## OPINION

FEDERICI, Justice.

The Appeals Tribunal of the New Mexico Employment Security Department denied Harold Davis' (petitioner's) application for unemployment compensation, holding that he left his employment voluntarily without good cause in connection with his employment. Davis appealed that decision, and the Board of Review of the Employment Security Department (respondent) affirmed.

Petitioner applied to the San Juan County District Court for certiorari. After reviewing the administrative record, the district court made findings of fact and conclusions of law and affirmed the decision of the Employment Security Department. Petitioner appeals. We affirm.

Petitioner was employed by respondent as a salesman to be paid wages on the basis of commission on sales made by petitioner. Petitioner voluntarily quit his commission sales job because he could not make a living selling vacuum cleaners on a commission basis.

The issue on appeal is whether a claimant who voluntarily quits his employment as a salesman because he is dissatisfied with his earnings must be disqualified from receiving unemployment compensation if he accepted the job with full knowledge that his wages would be paid on a straight commission basis.

The following pertinent findings made by the district court are not challenged by petitioner and therefore constitute the controlling facts in the case. *See City of Roswell v. Reynolds*, 86 N.M. 249, 522 P.2d 796 (1974); NMSA 1978, Civ.App.R. 9(a)(3)(ii) (Supp.1985). The trial court found that petitioner worked part-time for respondent Hydro-Aire Industries, Inc. (employer) and subsequently accepted full-time employment with the employer selling vacuum cleaners on a straight commission basis. When petitioner accepted his full-time job selling vacuum cleaners, he had full knowledge of the job requirements and that his wages would be paid on a straight commission basis. The employer did not alter the agreement of hire nor did it misrepresent the terms and conditions of hire. Petitioner voluntarily quit his job because he could not generate sufficient sales and income to meet his expenses.

Based upon the facts of the case, both the respondent and the district court determined that the petitioner failed to meet his burden of establishing that his reason for quitting amounted to good cause connected with his work. The rationale for the good cause analysis applied by respondent and the district court was petitioner's knowing acceptance of the terms and conditions of work which remained unchanged throughout his tenure of employment.

This is a question of first impression in New Mexico. The rule generally adopted by other jurisdictions is that a claimant is not entitled to benefits after a voluntary separation because of dissatisfaction with wages unless he can show a substantial change or misrepresentation involving the rate or method of compensation. *Salvant v. Lockwood*, 400 So.2d 311 (La.App.1981); *Leshock v. Unemployment Compensation Board of Review*, 46 Pa.Cmwlth. 486, 406 A.2d 1182 (1979); *National Freight, Inc. v. Unemployment Compensation Board of Review*, 34 Pa.Cmwlth. 161, 382 A.2d 1288 (1978); *Murray v. Rutledge*, 327 S.E.2d 403 (W.Va.1985). These cases stand for the proposition that one who voluntarily accepts a job thereby admits its initial suitability. To assert successfully that the employment became so unsuitable as to be good cause for leaving, the employee must prove that employment conditions changed or that he was deceived or unaware of such conditions when he entered employment. In this case, petitioner was fully aware of the nature and scope of his employment and that his wages would be paid on a commission basis. There is no evidence in

the record that employment conditions changed or that petitioner was deceived when he entered upon his employment.

Petitioner concedes in his brief in chief that the application of this general rule by courts in other jurisdictions has resulted in the disqualification of claimants who voluntarily left their employment because they did not earn enough from their commission sales jobs to make a living; yet he requests that we ignore precedent and determine as a matter of law under the facts in this case that his voluntary separation from his employment did not disqualify him from benefits. We are convinced this result is not warranted under the facts and applicable law.

The following cases support the principle that a claimant is disqualified for unemployment security benefits if the claimant voluntarily quits his employment. *Stein v. Industrial Commission*, 503 P.2d 360 (Colo.App.1972); *Perry v. Brown*, 162 So.2d 446 (La.App.), *cert. denied*, 164 So.2d 355 (1964); *Perry v. Brown*, 162 So.2d 444 (La.App.), *cert. denied*, 164 So.2d 356 (1964); *Busfield v. Unemployment Compensation Board of Review*, 191 Pa.Super. 43, 155 A.2d 436 (1959). Claimants in these cases voluntarily quit their jobs after becoming dissatisfied with the amount of wages. They had accepted employment as salespersons with full knowledge that they would be paid on a straight commission basis.

The decision of the Board of Review of the Employment Security Department and the order and judgment of the district court are affirmed.

IT IS SO ORDERED.

RIORDAN, C.J., and STOWERS, J., concur.