616 A.2d 1114

**WORLD'S FINEST CHOCOLATE, INC., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 25, 1992.

Decided Nov. 5, 1992.

Lawrence A. Nathanson, for petitioner.

Randall Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

PELLEGRINI, Judge.

World's Finest Chocolate, Inc. (Employer/WFC) appeals from an order of the Unemployment Compensation Board of Review (Board) which reversed the Referee's decision and granted William Witkowski (Claimant) unemployment compensation benefits. The Board reversed on the basis that Claimant was an employee of WFC during the time he worked there and not an independent contractor, and he had voluntarily terminated his employment from WFC for a necessitous and compelling reason.

Claimant was hired by WFC in early October of 1991 as a sales representative to sell its chocolate for fund raising purposes. Prior to beginning his employment, Claimant signed a Distributor Agreement (Agreement) with his Employer which stated that he would be considered an independent contractor and not an employee for federal tax purposes or any other purposes. The Agreement further stated that Claimant would be paid on a straight commission basis, the Employer would provide Claimant with price schedules and an assigned territory to which he would be restricted, Claimant would be required to file weekly status reports for the first year, and would be prohibited from working for any competitors while employed by WFC for two years after he left its employment.

Claimant had worked for WFC for approximately one and one-half months when he terminated his employment.[1] On November 29, 1991, he began working part-time as a sales-clerk in the appliance department at K–Mart at the rate of $4.35 per hour plus commission. In December of 1991, Claimant filed a claim petition for unemployment compensation

---

1. The record is devoid of information indicating Claimant's last day of employment with WFC.

benefits in which he indicated that he had voluntarily left his previous employment at WFC because his expenses had exceeded his income. The Office of Employment Security (OES) granted Claimant benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law), 43 P.S. § 802(b),[2] on the basis that his reason for leaving his employment at WFC was necessitous and compelling. The OES further determined that although Claimant was subsequently employed by K–Mart and had earned a total of $70.53, he was partially unemployed due to conditions which were not disqualifying pursuant to Section 401(f) of the Law, 43 P.S. § 801(f),[3] and was not precluded from receiving benefits.

The Employer filed an appeal from the OES' decision and a hearing was held. At the hearing, the Referee indicated that he would hear testimony on the issue of Claimant's voluntary termination, as well as on the type of employment relationship Claimant had with WFC, even though the OES did not rule on that subject.[4] Regarding the issue of voluntary termination, Claimant testified that he had left WFC of his own volition because he could not pay his bills and his expenses were exceeding his income.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides in pertinent part that an employee will be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether such work is "employment" as defined in this act.

3. Section 401(f) of the Law provides:
   [C]ompensation shall be payable to any employee who is or becomes unemployed and who has earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b)—voluntary termination without a necessitous and compelling reason, 402(e)—unemployment due to discharge for willful misconduct, and 402(h) of this act—claimant is self-employed, remuneration for services in an amount equal to or in excess of six times his weekly benefit rate irrespective of whether or not such services were in "employment" as defined in this act.
   The OES determined that the $70.53 earned by Claimant was less than the amount of $1,506 required to remove the disqualification from employment benefits.

4. Because the OES did not rule upon the type of relationship which Claimant had with WFC, the parties stipulated that the Referee could rule on that issue rather than remand it to the OES for disposition.

As to his employment relationship with WFC, Claimant testified that regardless of the language in his Agreement stating he was an independent contractor, he was treated as an employee because he was subject to supervision during the time he was being trained, was required to submit weekly status reports to a supervisor, and was restricted in terms of his territory. Claimant also testified that he made cold calls to customers in addition to the leads he received from WFC, had no control over setting prices of WFC's product, was not responsible for collecting payments from his customers, and made no deliveries to the customers. More importantly, Claimant testified that he was prohibited from working for another fund-raising company while working for WFC, and was not allowed to do any other work as far as income was concerned. The Employer agreed that Claimant had left its employ because he could not make a go of the job as far as money was concerned, but contrary to Claimant's testimony, testified that Claimant was aware that he was an independent contractor from the beginning of the employment relationship because he signed the Agreement which specified as much.

Based on the testimony presented, the Referee reversed the OES' decision and denied Claimant benefits. The Referee determined that because Claimant had voluntarily left his employment at WFC due to his dissatisfaction with his earnings, he did not establish a necessitous and compelling cause for resigning. The Referee further determined that although Claimant was an employee of WFC rather than an independent contractor pursuant to Section 4(*l*)(2)(b) of the Law, 43 P.S. § 753(*l*)(2)(b),[5] he had not earned six times his weekly benefit rate at K–Mart as required by Section 401(f) of the Law and did not qualify for benefits.

---

5. Section 4(*l*)(2)(b) of the Law defines "employment" in pertinent part as follows:

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) *such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and* (b) *as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.*

Claimant appealed the Referee's decision to the Board which affirmed that portion of the Referee's decision determining that Claimant was an employee of WFC rather than an independent contractor, but reversed that portion of the decision concluding that Claimant had not voluntarily terminated his employment for a necessitous and compelling reason. The Board concluded that leaving one job to take another job is a necessitous and compelling reason for resigning, and because the only relevant consideration is whether the new job is available, Claimant's lack of income as a reason for leaving WFC was irrelevant because he had a job waiting for him at K–Mart. The Board then ordered the Employer to pay Claimant benefits, and the Employer filed this appeal.[6]

■ A claimant who becomes unemployed by voluntary termination bears the burden of proving that his termination was for a cause of a necessitous and compelling nature. *Kligge v. Unemployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 30, 491 A.2d 325 (1985). The Employer argues that the Board erred in its determination that Claimant met this burden because there is no evidence in the record to support its finding that Claimant had obtained the job at K–Mart prior to his resignation at WFC. The Employer directs our attention to Claimant's testimony which indicated that he did not have a position with K–Mart until after he left WFC's employ:

Q. All right, now then the Unemployment Compensation Office made mention in its determination that you had alternate employment when you left World's Finest Chocolate, is that true?

A. Yeah, I went from there to K–Mart.

Q. Well, did you already have the job?

A. Yes, sir.

Q. Was that . . .

6. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or the Board's findings of facts were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

A.   Well, it was a couple of days later, I don't recall the exact circumstances, but I was within my unemployment right, I do know that.

(Reproduced Record at 12a.)

The Employer further argues that even if Claimant had been employed by K–Mart prior to leaving WFC, he did not leave WFC because he had a job at K–Mart lined up, but rather because he was dissatisfied with his wages at WFC:

Q.   And did you leave that job (WFC) voluntarily?

A.   Yes, sir.

Q.   For what reason or reasons?

A.   My expenses were exceeding my income, I could—just couldn't afford to meet my bills at the present time with the job itself, I just couldn't do it.

    . . . .

Q.   Did the employment at K–Mart have anything to do with your decision to leave World's Finest Chocolate?

A.   No, sir.

(Reproduced Record at 10a, 12a–13a.)

■■■   The Employer contends that dissatisfaction with one's wages is not a compelling reason for terminating employment, and cites *Leshock v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 486, 406 A.2d 1182 (1979) in support of this contention.   In *Leshock*, claimant worked as a truck driver hauling fill in his own truck at a construction site.   He agreed with other truck drivers working on the site to be paid $17 per hour by the employer.   Claimant voluntarily quit his job and filed a claim for benefits alleging that he quit for a necessitous and compelling reason because the wages were inadequate.   On appeal, this court affirmed the Board's decision denying him benefits because his complaint was not that his employer failed to pay him in accordance with their agreement, but simply because the expenses of maintaining his truck made the compensation inadequate. "His complaint in this regard rises to no more than dissatisfaction with the compensation, not a compelling reason for quit-

ting work." *Leshock,* 46 Pa. Commonwealth at 489, 406 A.2d at 1184.

The law is well settled that dissatisfaction with one's wages is insufficient to establish the necessary justification for terminating employment. *See also Querry v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 170, 437 A.2d 1048 (1981); *Snyder v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 425, 421 A.2d 530 (1980); *Mosley v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). Nonetheless, the Board argues that the reason Claimant left his job at WFC was because he had a job waiting for him at K–Mart, as evidenced by his testimony, as well as the fact that he had applied and interviewed for the job at K–Mart while still employed with WFC, and voluntarily leaving work to go to another job constitutes cause of a necessitous and compelling nature. In support of this argument, the Board cites *Brennan v. Unemployment Compensation Board of Review,* 95 Pa. Commonwealth Ct. 114, 504 A.2d 432 (1986), where we granted claimant benefits when she left her position as a nurse paying $6.49 for another position which paid her more money.

However, while Claimant may have interviewed for the position at K–Mart while employed at WFC, there is no evidence in the record to indicate that Claimant was, in fact, hired prior to leaving WFC. Also, Claimant's testimony seemingly implies that he did not accept the position with K–Mart until after he had left WFC's employ. Regardless, though, of whether Claimant actually left his position at WFC because he had a position waiting at K–Mart, Claimant is not entitled to benefits. The Board misinterprets our decision in *Brennan* because claimant in that case was granted benefits because she had accepted an offer for a new position, had quit her job based on her acceptance, and was notified prior to beginning that new job that the position was no longer available.

In this case, Claimant did not quit his job at WFC and then find out that the position at K–Mart was no longer available. Claimant began working at K–Mart and, as of the date of this

appeal, was still working there. Consequently, because the purpose of unemployment compensation is to assist those individuals who have become unemployed by no fault of their own, not those who simply want to change jobs to earn more money, and Claimant voluntarily terminated his employment simply because he was dissatisfied with his wages at WFC, his termination was not for a necessitous and compelling reason.[7]

Accordingly, the decision of the Board is reversed and Claimant is precluded from receiving benefits for that reason.

## ORDER

AND NOW, this 5th day of November, 1992, the order of the Unemployment Compensation Board of Review, dated April 30, 1992, No. B–298451, is reversed.

---

7. Because we have determined that Claimant is precluded from receiving benefits under Section 402(b) of the Law, we need not address the type of employment relationship which Claimant had with his Employer or whether he was entitled to benefits pursuant to Section 401(f) of the Law.