IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Christy, Jr.,             :
                   Petitioner    :
                           :
         v.                 :
                           :
Unemployment Compensation   :
Board of Review,            : No. 1443 C.D. 2017
             Respondent   : Submitted: March 2, 2018

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: April 5, 2018

        Gregory Christy, Jr. (Claimant), *pro se*, petitions for review of the October 4, 2017 order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's decision finding Claimant ineligible for benefits under section 402(b) of the Unemployment Compensation Law (Law),[1] which provides that a claimant shall be ineligible for benefits in any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

# I.    Background

Claimant worked for employment placement service Sesame Personnel, Inc. (Employer) on a full-time, indefinite job assignment with one of Employer's clients, A & S Kinard, from March 3, 2017 through April 4, 2017. Referee's Findings of Fact[2] (F.F.) No. 1; Notes of Testimony (N.T.) 8/14/2017 at 5-7. After April 4, 2017, Claimant, not happy with his work and wanting to seek out other, more lucrative[3] employment opportunities, stopped reporting for his scheduled shifts at A & S Kinard. F.F. Nos. 2 & 3; N.T. 8/14/2017 at 7. Although he did work briefly for another employment placement service after leaving Employer,[4] at the time Claimant voluntarily quit his job with Employer, he did not have a definite job offer from any other company. F.F. No. 5; N.T. 8/14/2017 at 4, 9.

Thereafter, Claimant applied for unemployment compensation (UC) benefits, which the UC Service Center granted on July 3, 2017. Employer timely appealed to a referee. A hearing was held on August 14, 2017. At the hearing, Claimant proceeded *pro se* and testified on his own behalf. Employer presented the testimony of its clerical coordinator.[5] Based on the testimony and other evidence presented,[6] the referee determined Claimant voluntarily quit his job with Employer

---

[2] The Board adopted and incorporated the referee's findings of facts and conclusions of law in its order affirming the referee's decision. *See* Board Order dated October 4, 2017.

[3] Claimant made $11.00 per hour with Employer. N.T. 8/14/2017 at 6.

[4] Claimant worked for Abacus Staffing from April 10, 2017 through April 24, 2017 at a rate of $12.25 per hour. N.T. 8/14/2017 at 4.

[5] In addition to Employer's clerical coordinator, Employer's payroll coordinator and service coordinator attended the hearing, but did not testify. *See* N.T. 8/14/2017 at 1, 9-10.

due to his dissatisfaction with the work and without a definite job offer from another employer. Therefore, the referee concluded that Claimant was ineligible for UC benefits under section 402(b) of the Law.

Claimant appealed to the Board. The Board adopted the referee's findings of fact and conclusions, and ultimately affirmed the referee's determination that Claimant was ineligible for UC benefits under section 402(b) of the Law for voluntarily quitting his job without a definite job offer from another employer. *See* Board Decision and Order, October 4, 2017 (Board Decision) at 1. Claimant then petitioned this Court for review.[7]

## II. Issues

To the extent Claimant's brief contains discernable arguments, Claimant contends that the Board erred in affirming the referee's determination that Claimant was ineligible for UC benefits under section 402(b) of the Law. *See* Claimant's Brief at 6, 9-11. Claimant is not entitled to relief.

## III. Discussion

Initially, we note:

the Board, not the referee, is the ultimate fact finding body and arbiter of credibility in UC cases. Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review. The Board . . . may reject

---

[6] Prior to taking testimony, the referee entered into evidence, without objection, documents relevant to Claimant's UC benefits application, including multiple Claimant questionnaires and records of oral interviews between Claimant, employers, and UC Service Centers.

[7] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

even uncontradicted testimony if it is deemed not credible or worthy of belief. We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings.

*Waverly Heights, Ltd. v. Unemployment Compensation Board of Review*, 173 A.3d 1224, 1227–28 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted).

Section 402(b) of the Law provides that an employee will be ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature[.]" 43 P.S. § 802(b). "Whether a claimant had cause of a necessitous and compelling nature to quit a job is a conclusion of law subject to review by this Court." *Warwick v. Unemployment Compensation Board of Review*, 700 A.2d 594, 596 (Pa. Cmwlth. 1997).

"A claimant who voluntarily terminates his employment has the burden of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc. v. Unemployment Compensation Board of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012). Employees who claim to have left their employ for a necessitous and compelling reason must prove:

(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment.

*Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review,* 906 A.2d 657, 660 (Pa. Cmwlth. 2006).

4

Regarding an employee forwarding a job offer as cause of a necessitous and compelling nature justifying voluntary termination, this Court has explained:

> It is well-established that . . . the receipt and acceptance of a firm offer of employment does constitute termination for cause of a necessitous and compelling nature. The offer of employment, however, must be definite, *and* the claimant must act prudently with regard to his employer. The mere possibility of obtaining another job is insufficient to establish that employment was terminated for good cause. In addition, although the claimant may have personal, economic, or career reasons for making his decision to leave the employer . . . that does not constitute a necessitous and compelling cause for voluntarily quitting.

*Solar Innovations*, 38 A.3d at 1056–57 (internal quotations, citations, and brackets omitted; emphasis in original). Additionally, mere dissatisfaction with wages received does not constitute a necessitous and compelling cause for quitting employment. *World's Finest Chocolate, Inc. v. Unemployment Compensation Board of Review*, 616 A.2d 1114, 1117 (Pa. Cmwlth. 1992).

As the prevailing party below, Employer is entitled to the benefit of all reasonable inferences drawn from the evidence on review. *See Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

Here, Claimant was not happy with the work Employer gave him, and he wanted to seek out other employment. F.F. No. 3. To do so, he stopped reporting to his scheduled shifts. F.F. No. 2. As Claimant explained, he voluntarily quit because he was looking for better, higher paying work. N.T. 8/14/2017 at 7, 9. Additionally, Claimant admitted that he did not have a definite job offer at the time he left Employer to search for more lucrative work. *Id.* at 9. Without such an offer,

5

Claimant had no necessitous and compelling cause for quitting his employment that would entitle him to UC benefits.[8]

Based on the above evidence, we conclude that substantial evidence existed to support the Board's necessary findings of fact that Claimant voluntarily quit without a firm offer of employment.[9] Because Claimant voluntarily quit without a firm offer of employment, the Board did not err in concluding that Claimant lacked cause of a necessitous and compelling nature to terminate his employment. Accordingly, we affirm the Board's decision affirming the referee's determination that Claimant was ineligible for UC benefits under section 402(b) of the Law.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] We further note that no evidence exists that Employer in any way deceived Claimant about the nature of his employment or wages when he was hired.

[9] To the extent Claimant argues the Board's findings are not supported by substantial evidence, we find such argument unconvincing. Claimant himself testified before the referee that he voluntarily quit his job with Employer without a "definite job offer." *See* N.T. 8/14/2017 at 7-9. In his brief, Claimant further confirmed that he was in search of new employment when he left his position with Employer. *See* Claimant's Brief at 10. These admissions sufficiently support the findings that Claimant 1) voluntarily quit, and 2) did so without a firm offer of employment.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Christy, Jr.,  :
                 Petitioner  :
                                    :
           v.  :
                                      :
Unemployment Compensation  :
Board of Review,  :  No. 1443 C.D. 2017
                 Respondent  :

## O R D E R

AND NOW, this 5th day of April, 2018, the order of Unemployment Compensation Board of Review dated October 4, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge