Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Pennsylvania Power & Light Company, Appellant.

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*C. Collins Brown,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 5, 1976:

This is an appeal by the Pennsylvania Power & Light Company (PP&L) from a decision of the Unemployment Compensation Board of Review (Board) granting benefits to Edward Lee Savidge (claimant), a former PP&L employee.

The claimant was employed as a carryall operator at the Sunbury Steam Electric Station for four years prior to November 3, 1974, his last date of employment. He had given two weeks notice to PP&L that he would be leaving to accept more lucrative employment with his brother-in-law, an independent trucker, beginning November 4, 1974. The day before the claimant was scheduled to take the new position, he was told by his brother-in-law that the job had failed to materialize and that no work was presently available for him, but he left his employment as planned and subsequently filed for unemployment compensation benefits. These were granted by the Bureau of Employment Security (Bureau), and PP&L appealed. Both a referee and the Board affirmed on the grounds that the claimant had voluntarily left work for cause of a necessitous and compelling nature within the meaning of Section 402(b)·(1) of the Unemployment Compensation Act.[1]

Our scope of review in unemployment compensation cases is confined to questions of law, and absent fraud, to a determination as to whether or not the Board's findings are supported by the evidence. *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974).

The claimant admits that he voluntarily resigned from his job, and the only issue, therefore, is whether or not he did so with cause of a necessitous and compelling nature. He has the burden of showing such cause, demonstrating that his conduct was consistent with ordinary common sense and prudence, being based on real, sub-

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P. S. §802(b) (1):

"An employee shall be ineligible for compensation for any week—

"(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ."

stantial, and reasonable factors, not on factors which are imaginary, trifling or whimsical. *United States Steel Corporation v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 71, 333 A.2d 807 (1975).

The mere possibility of obtaining another job is insufficient to constitute good cause for voluntarily terminating one's employment. *Eckenrod v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 166, 325 A.2d 320 (1974); *Kowal Unemployment Compensation Case,* 196 Pa. Superior Ct. 621, 176 A.2d 151 (1961). However, the record in this case includes evidence which would support the Board's finding that the claimant had actually accepted employment with his brother-in-law at a higher rate of pay. The firm acceptance of other employment is a more compelling reason for terminating present employment than is the indefinite possibility of obtaining another job. In addition, the claimant's decision to leave employment with PP&L to take a higher paying position was certainly consistent with common sense and prudence. Therefore, when the claimant gave notice of his resignation, he gave notice of a voluntary termination which, under the circumstances at that time, meets the test for cause of a necessitous and compelling nature.

Nevertheless, the claimant's duty to pursue a prudent course of action in regard to his employer and his employment did not cease at the time he gave notice of his resignation, but remained in effect at least until the time at which his resignation actually was to take effect. Yet there is no evidence in the record before us to indicate that the claimant made any effort whatsoever to rescind his resignation or to request reemployment with PP&L, where, as the record does indicate, continuing employment remained available. Because it was his burden to prove that his justification for leaving his employment continued to exist until at least the point in time when his resignation took effect, and he failed to meet this

burden, he is not now eligible for benefits, and the opinion of the Unemployment Compensation Board of Review is hereby reversed. We, therefore, issue the following

ORDER

AND, NOW, this 5th day of February, 1976, the order of the Unemployment Compensation Board of Review is reversed and benefits are denied.