Wilma Lois Westfall, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Robert A. Lechowicz,* with him *Rufe & Lechowicz,* for petitioner.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Blatt, December 9, 1977:

This is an appeal by Wilma Lois Westfall (claimant) from an order of the Unemployment Compensation Board of Review (Board) dated August 30, 1976 which affirmed a referee's determination that she had voluntarily terminated her employment without showing cause of a compelling and necessitous nature and was therefore ineligible for benefits under Section 402 (b)(1) of the Unemployment Compensation Law[1] (Act).

The facts in this case are undisputed. The claimant had been employed by Royal Dry Cleaners (employer) for approximately two and one-half years, originally as a presser although she also worked in the shirt unit performing other semi-skilled labor. During the last year of employment she was required

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897 (1937), *as amended,* 43 P.S. §802(b)(1).

to work at the cash register counter on various occasions, although she stated that she preferred not to do counter work because it made her nervous and that, for this reason, she gave two weeks notice on September 26, 1975 that she was terminating her employment. Three days later, upon learning that her employer had placed an advertisement in the newspaper for her replacement, she left work immediately and applied the following day for unemployment compensation benefits. Benefits were disapproved by the Bureau of Employment Security and upon appeal to the Referee and Board were also disapproved in accordance with Section 402(b)(1) of the Act which states in pertinent part as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1)  In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

Section 510 of the Act, 43 P.S. §830, provides that this Court's scope of review in unemployment compensation appeals is confined to questions of law and, absent fraud, to a determination of whether or not the findings of fact are supported by the evidence. The Board found here that the claimant terminated her employment relationship voluntarily and had not shown cause of a compelling and necessitous nature for so doing. The claimant argues however that her nervous condition was aggravated by the additional counter-work duties and that this constituted cause of a necessitous and compelling nature such as to justify her voluntary termination and to qualify her for compensation.

One who voluntarily terminates his or her employment bears the burden of proving a necessitous and compelling cause, *Owen v. Unemployment Compensa-*

*tion Board of Review,* 26 Pa. Commonwealth Ct. 278, 363 A.2d 852 (1976), which must be based on real, substantial and reasonable factors and not on reasons which are merely imaginary, trifling or whimsical. *Unemployment Compensation Board of Review v. Pennsylvania Power and Light Co.,* 23 Pa. Commonwealth Ct. 220, 351 A.2d 698 (1976). While the illness of an employe or the adverse effect of employment conditions upon his health may constitute a cause of a necessitous and compelling nature for a voluntary termination of employment, such a claim is not established by the statement of a physician which is obtained *after* the termination of employment. Most importantly, we held in *Unemployment Compensation Board of Review v. Perry,* 22 Pa. Commonwealth Ct. 429, 431, 349 A.2d 531, 533 (1975), that a medical certificate showing claimant was advised to terminate the employment for health reasons is a *sine qua non* to eligibility. Here, the claimant's doctor's certificate stated that her anxiety makes her unwilling to work closely with customers but indicates that the first treatment for her anxiety was not provided until after she had left her job.

Our review of the record here reveals that the findings of the Board are supported by the evidence and that it was not an error of law to conclude that the claimant was ineligible for benefits under the Act. Moreover, having decided that she has failed to prove a necessitous and compelling cause for voluntarily leaving her employment, we need not reach the additional issue raised herein as to whether or not she is available for suitable work. We will therefore affirm the Board's decision denying benefits.

ORDER

AND Now, this 9th day of December, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.