Marie Antonoff, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

240

Argued September 12, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Michael H. Kaliner,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 10, 1980:

Petitioner appeals from an order of the Unemployment Compensation Board of Review (Board) denying benefits. We affirm.

Petitioner was last employed by Smiley's Inc. in Dallas, Texas as a salesperson from June 19, 1978 to August 17, 1978, when the company discontinued operations. Previous to her employment with Smiley's,

petitioner was employed as a school teacher by the Upper Merion School District (District) for nine years. By letter dated June 24, 1978, petitioner resigned her position as a teacher, effective in 60 days (August 23, 1978). The District sent petitioner a letter accepting petitioner's resignation, effective August 23, 1978. After her work with Smiley's had ended, petitioner did not get in touch with the District to see if her teaching position was still open.[1] According to the testimony of the District's superintendent, if petitioner had reported to the District she would have been reinstated.

The Bureau of Employment Security (now the Office of Employment Security) issued a determination granting benefits to petitioner. After a hearing, the referee affirmed the grant of benefits. Upon appeal to the Board and a hearing for additional testimony, the Board entered its order denying benefits.

Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), provides in part that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. One who voluntarily terminates his or her employment bears the burden of proving a necessitous and compelling cause. *Westfall v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 619, 379 A.2d 1389 (1977). The receipt and acceptance of a firm offer of employment does constitute termination for cause of a necessitous and compelling nature. *Steinberg v. Unemployment Compensation Board of*

---

[1] On this subject, petitioner testified:

I just didn't think I stood a chance. That's all. I just didn't even think at all. I just thought I had a stroke of bad luck. That's all.

*Review,* 34 Pa. Commonwealth Ct. 294, 383 A.2d 1284 (1978).

In *Unemployment Compensation Board of Review v. Pennsylvania Power & Light Co.,* 23 Pa. Commonwealth Ct. 220, 351 A.2d 698 (1976), a claimant who had given two weeks notice to his employer that he would be leaving to accept more lucrative employment learned the day before he was scheduled to take the new position that the job had failed to materialize and that no work was presently available for him. The claimant left his employment as planned and filed for unemployment compensation benefits. Judge BLATT in the opinion wrote that when the claimant submitted his notice of resignation, the test for cause of a necessitous and compelling nature, for the circumstances at that time, was met. Judge BLATT went on to write:

> Nevertheless, the claimant's duty to pursue a prudent course of action in regard to his employer and his employment did not cease at the time he gave notice of his resignation, but remained in effect at least until the time at which his resignation actually was to take effect. Yet there is no evidence in the record before us to indicate that the claimant made any effort whatsoever to rescind his resignation or to request reemployment with PP&L, where, as the record does indicate, continuing employment remained available. Because it was his burden to prove that his justification for leaving his employment continued to exist until at least the point in time when his resignation took effect, and he failed to meet this burden, he is not now eligible for benefits. . . .

*Id.* at 223, 351 A.2d at 700.

Applying the same rationale to the instant case, we find no error in the Board's conclusion that since the effective date of her resignation was almost a week

away and she was eligible for reinstatement, petitioner should have requested reinstatement with the District.

Accordingly, we will enter the following

ORDER

AND Now, October 10, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-170538, dated March 28, 1979, denying benefits to Marie Antonoff, is affirmed.