Lorraine A. Nice, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*John J. Robinson, Jr.,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 6, 1981:
The only question presented in this appeal from the Unemployment Compensation Board of Review's (Board) order affirming the decision of the referee denying benefits is whether the Board capriciously

disregarded evidence in finding that petitioner voluntarily left her work without a cause of a necessitous and compelling nature. It did not and we affirm.

Although the facts are in dispute and some hearsay evidence was admitted, there is more than enough evidence from petitioner herself to support the finding. In her written statement, the signature on which she acknowledged, she stated:

> My last day of work at Wyoming Valley Hospital was 4/20/79. I was employed in the Housekeeping Dept. for a period of 9 years. On 4/20/79 Mr. Monahan the personel (sic) mgr. of the Housekeeping Dept. told me that he felt that I was taking too much time off. I only took time off when I was ill and I always called in to report off. I did not think that his scolding me was justified. I got very angry and later that day I just left the hospital and went home.

Further, she testified that three days later her former employer called and asked if she wanted her job back and she replied, ''No, I only wanted my vacation pay and my check.''

Petitioner does not argue that the ''scolding'' was of such a nature to give her good cause to quit—she now says it did not occur. It was for the Board to decide which of her statements it would believe. *Westfall v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 619, 379 A.2d 1389 (1977). ''Findings of fact by the referee, which are affirmed by the Board, as was done here, when supported by substantial evidence are binding on this Court even though evidence was also introduced to the contrary.'' *Martin v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 304, 306, 387 A.2d 998, 1000 (1978). It is quite clear that there was ample competent evidence, outside the objected-to hearsay, to support the findings.

Accordingly, we will enter the following

ORDER

AND Now, January 6, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-173821, dated July 10, 1979, is affirmed.