504 A.2d 432

Alice Brennan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 20, 1985, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*James Bukac,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 11, 1986:

This is an appeal by Alice B. Brennan (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits on the basis that Claimant had voluntarily terminated her employment without necessitous and compelling reasons. The referee found that Claimant was last employed as a full time Licensed Practical Nurse (LPN) in Bristol, Pennsylvania[1] at wages of $8.33 per hour. Claimant along with her husband had purchased a home in western Pennsylvania two years earlier, and in March of 1984 applied for a part-time position in western Pennsylvania (Titusville)[2] as an LPN at $6.49 an hour. Claimant was offered the position on June 4, 1984, accepted the offer, and her start-

---

[1] Judicial notice is taken that Bristol is in Bucks County, just north of Philadelphia and bordering New Jersey.

[2] Judicial notice is taken that Titusville is in Crawford County, western Pennsylvania, approximately 43 miles southeast of Erie.

ing date was set for July 16, 1984. Claimant terminated her employment with Lower Bucks Hospital (Employer) on June 27, 1984. More than a week later, Claimant was informed by letter dated July 6, 1984 that because of low occupancy at Titusville Hospital the position she had been offered was no longer available.[3]

The above stated facts are not in dispute. The issue presented is whether these facts indicate a necessitous and compelling reason for terminating employment under Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 802(b).

The referee found that Claimant was actually offered the Titusville position. He reasoned, however, that because the position paid less and was part-time, Claimant did not "meet the test of Section 402(b). ..." Hence, benefits were denied and the Board summarily affirmed the referee's decision.

Claimant bears the burden of proving necessitous and compelling reasons for the quit. *Antonoff v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 239, 420 A.2d 800 (1980). Our scope of review, of course, includes errors of law. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

"The receipt and acceptance of a firm offer of employment does constitute termination for cause of a necessitous and compelling nature." *Antonoff* at 241, 420 A.2d at 801. The referee clearly found that a firm offer had been made. Certainly Claimant could not

---

[3] There is no finding as to the exact date Claimant moved to western Pennsylvania. She testified, however, that she was in the area on July 5, 1984 for a physical examination required by her prospective employer. Her testimony further suggested that she received Employer's July 6, 1984 retraction letter on July 10, 1984, while she was still living in eastern Pennsylvania.

perform the two jobs at two ends of the state simultaneously. Hence, she had necessitous and compelling reasons for quitting. Once the referee determined that a valid offer had been made and accepted he erred in going further and considering Claimant's reasons for accepting the other job and in considering the conditions of the employment in Titusville. The relevant consideration was the reason for the quit, *i.e.*, the new job,[4] not the reason for the desire to transfer. This reason is itself necessitous and compelling as a matter of law. *Antonoff*. The decision of the Board is reversed.[5]

ORDER

Now, February 11, 1986, the order of the Unemployment Compensation Board of Review, No. B-236397, dated December 3, 1984, is hereby reversed.

Judge BARRY dissents.

---

[4] We note that under *Antonoff* Claimant could not be eligible for benefits until after the starting date of her new job, *i.e.*, July 16, 1984, and hence, her eligibility date and her benefits must be determined accordingly.

[5] This case is to be distinguished from *Unemployment Compensation Board of Review v. Pennsylvania Power & Light Co.*, 23 Pa. Commonwealth Ct. 220, 351 A.2d 698 (1976) wherein a claimant learned *prior to* the effective date of his resignation that a firm job offer which he had accepted had fallen through.