**EMPIRE INTIMATES, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 30, 1994.

Decided March 3, 1995.

As Amended March 3, 1995.

---

Myron I. Markovitz, for petitioner.

Judith M. Gilroy, Asst. Counsel, for respondent.

Before COLINS, President Judge, McGINLEY, J., and RODGERS, Senior Judge.

COLINS, President Judge.

Empire Intimates (employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) reversing a referee's decision and awarding benefits to Patricia Rygel (claimant) because she voluntarily quit work with cause of a necessitous and compelling nature (good cause), pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] We reverse.

The facts as found by the referee are that the claimant was employed concurrently by the employer on a full-time basis and by a beauty salon on a part-time basis. On May 25, 1993, the employer scheduled the claimant to work from 7 a.m. to 3:30 p.m. while the beauty salon scheduled the claimant to work beginning at 12 p.m. The claimant then voluntarily quit her position with the employer to work at the beauty salon.

The claimant applied for unemployment compensation, stating at the Job Center that she "had to choose between which job [she] wanted." The Job Center denied benefits because the claimant's act of leaving her full-time job for the part-time job was not good cause.

The claimant appealed that decision to a referee who, after conducting a hearing not attended by the claimant, affirmed the denial

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

of benefits. The referee stated that "[t]his may have been a good personal or economic or career decision of the claimant, but it is not considered a necessitous and compelling reason." On further appeal, the Board reversed the referee and granted benefits because "[t]he acceptance of another job offer, even a part-time offer, is reason of a necessitous and compelling nature to leave one's employment."

◼ The employer now contends that the claimant's conduct of quitting her full-time job in favor of her part-time job does not constitute good cause for voluntarily terminating her relationship with the employer. Where only the burdened party presents evidence and does not prevail, our standard of review is limited to determining whether there has been a constitutional violation, an error of law or whether the fact finder capriciously disregarded competent evidence. *Blackwell v. Unemployment Compensation Board of Review,* 124 Pa.Commonwealth Ct. 9, 555 A.2d 279 (1989).

◼ A claimant has the burden of establishing the existence of necessitous and compelling reasons for quitting, and such cause is defined as circumstances that produce pressure to terminate the employment which is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Additionally, the claimant must prove that she acted with ordinary common sense in quitting her job, that she made a reasonable effort to preserve her employment, and that she had no other real choice than to leave her employment. *Malloy v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 183, 523 A.2d 834 (1987).

◼ Although the claimant did not testify, the findings of fact are not in dispute. Therefore, the sole issue is whether quitting a full-time job in favor of an available part-time job is good cause for voluntarily leaving her position with the full-time employer.

The employer argues that the claimant presented no evidence to support a conclu-sion of good cause for quitting. Moreover, the claimant made no effort to preserve her employment by, for example, attempting to reschedule her work hours or give notice of the conflicting work schedules. The claimant asserts that she quit because the employer directed her to make a choice and because choosing part-time work with the potential for advancement does not disqualify her from receiving benefits.

◼ A claimant is eligible for receiving benefits under Section 402(b) if she quits one job to accept a firm offer of other employment. *Antonoff v. Unemployment Compensation Board of Review,* 54 Pa.Commonwealth Ct. 239, 420 A.2d 800 (1980). A claimant moving with her husband and accepting a part-time position also has good cause for quitting a full-time job. *Brennan v. Unemployment Compensation Board of Review,* 95 Pa.Commonwealth Ct. 114, 504 A.2d 432 (1986). However, those and other similar cases involve an ultimate unavailability of the job offer which the claimant accepted.

The only case involving a claimant working concurrently for two employers is *Luongo Unemployment Compensation Case,* 200 Pa.Superior Ct. 562, 190 A.2d 344 (1963), where the Superior Court held that a claimant working a full-time job and a part-time seasonal job, who quit the full-time job near the end of the season to work the part-time job, did not have good cause for voluntarily quitting. Although *Luongo* is distinguishable from the present case because it involved a claimant accepting short-term seasonal work instead of steady employment, the court's analysis is still relevant—whether the claimant had a "genuine desire to continue to work." *Id.* at 567, 190 A.2d at 346.

Therefore, the common denominator is whether a claimant voluntarily left job number one with a reasonable expectation of maintaining a source of income from employment at job number two. Where that expectation falls short through no fault of her own, i.e., the job becomes unavailable, the courts have held that the claimant had good cause for quitting job number one, thus entitling the claimant to benefits. However, when a claimant working two available jobs concur-

rently chooses one over the other, her assessment of the benefits and disadvantages of each job is still relevant; there is no unknown external factor suddenly limiting her source of income.

In the present case, the only evidence presented by the claimant as to why she quit came in the form of a statement at the Job Center that her opportunity at the beauty salon would eventually become a full-time position. There is no evidence or argument that the claimant made any attempt to preserve her relationship with the employer. The claimant asserts that any attempt would have been futile because the employer directed her to make a choice, but the claimant presented no evidence in support of that alleged futility.

The legislature has declared that unemployment reserves are "to be used for the benefit of persons unemployed through no fault of their own." Section 3 of the Law, 43 P.S. § 752. This case is not about a claimant who quit her job to be with her family or to pursue other employment that became unavailable at some point; it is about a claimant who could not be in two places at one time so she chose one available job over another. Thus, the claimant's reduction in income derived solely from a personal decision to accept the alternative available job.

We agree with the referee's conclusion that the claimant may have personal, economic, or career reasons for making her decision to leave the employer; however, that does not constitute a necessitous and compelling cause for voluntarily quitting. Therefore the Board erred as a matter of law in concluding that the claimant had cause of a compelling and necessitous nature to voluntarily quit her employment.

Accordingly, we reverse the decision of the Board and deny benefits.

### ORDER

AND NOW, this 3rd day of March, 1995, the order of the Unemployment Compensation Board of Review, in the above-captioned matter, is reversed.

McGINLEY, Judge, dissenting.

I respectfully dissent to the majority's conclusion that claimant did not have cause of a compelling and necessitous nature to voluntarily quit her employment with Empire Intimates (Empire).

A claimant who alleges that he/she terminated employment for necessitous and compelling reasons has the burden of establishing the existence of such reasons. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). The majority reversed the Board's grant of benefits by concluding that claimant failed to meet this burden. I disagree.

In *Taylor*, the Pennsylvania Supreme Court held:

> That "good cause" for voluntarily leaving one's employment (i.e., that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner.

*Id.* at 359, 378 A.2d at 832–33. In addition, "claimant must prove that she acted with ordinary common sense in quitting her job, that she made a reasonable effort to preserve her employment, and that she had no other real choice than to leave her employment." Majority opinion at 664 (citing *Malloy v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 183, 523 A.2d 834 (1987)).

The record reflects that claimant left her job with Empire only after being told by employer that she had to choose between the two jobs. In a statement given at the Job Center, claimant described how she went to school for a year to become a hairstylist and finally obtained a part time job in a beauty salon. Summary of Interview, May 27, 1993, at 1; Reproduced Record (R.R.) at 6a. When her hours at the salon began to conflict with her hours at Empire, claimant stated that employer "called me to the break room and said another job was no excuse for me to leave early and I'd have to choose which job." *Id.* Employer's Summary of Job Separation states essentially the same story and employ-

er admits that claimant was told "she was needed here on a full time basis, and she would have to choose which job to keep." Employer Summary of Job Separation, June 1, 1993, at 2; R.R. at 9a.

I believe that these statements reflect that Employer effectively gave claimant an ultimatum, either leave her job at the beauty salon, a job for which she attended school for a year in order to qualify, or leave her job at Empire. Because Employer made no attempt to accommodate claimant and directed claimant to choose between jobs, claimant had a necessitous and compelling reason to leave Empire Intimates.

Accordingly, I would affirm the Board's decision and grant claimant benefits.