IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Ackley,        :
       Petitioner      :
       :
       v.        : No. 1885 C.D. 2016
       : SUBMITTED: March 31, 2017
Unemployment Compensation    :
Board of Review,        :
       Respondent     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE JULIA K. HEARTHWAY, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
JUDGE HEARTHWAY           FILED: July 13, 2017


William Ackley (Claimant) petitions for review of the November 1, 2016 order of the Unemployment Compensation Board of Review (Board) which reversed the referee's decision, and thereby denied Claimant unemployment compensation (UC) benefits under section 402(b) of the UC Law (Law),[1] because his unemployment was due to voluntarily leaving work without cause of a necessitous and compelling nature. We affirm.

Claimant was employed full-time by Express Employment Professionals (Employer) from May 2, 2016 through May 27, 2016, when he terminated his employment. (Board's Findings of Fact (F.F.) Nos. 1, 3.) On May

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

26, 2016, Claimant had accepted an offer of employment from Walmart and began working there part-time on June 1, 2016. (Certified Record (C.R.) Item No. 8, 8/18/16 Notes of Testimony (N.T.) at 2.) Claimant subsequently applied for UC benefits, stating that when he accepted the job at Walmart, it was full-time and he was told after he was hired that it was part-time. (C.R. Item No. 2, Exhibit 5.) The Altoona UC Service Center granted Claimant benefits.

Employer appealed and a hearing was held before a referee, at which Claimant and a witness for Employer testified. The referee then issued a decision and order affirming the UC Service Center's determination. Employer appealed to the Board, and the Board remanded the matter to a referee to further develop the record to allow the Board to properly rule on the matter.

At the remand hearing, Claimant stated that when he applied for and accepted the job at Walmart, he believed it was full-time. (C.R. Item No. 14, 10/12/16 N.T. at 1-2.) Claimant testified that it was not until the initial training period that he was informed the job would be part-time for a period of time until he satisfied requirements. (C.R. Item No. 14, 10/12/16 N.T. at 2.) Claimant also testified that "[i]t was just assumed on my part, and I believe on theirs that it was full-time with a probation." (C.R. Item No. 14, 10/12/16 N.T. at 2.)

After the hearing, the Board issued a decision and order reversing the referee's decision and finding Claimant ineligible for benefits under section 402(b) of the Law. The Board found that Claimant voluntarily terminated his full-time employment with Employer to begin part-time employment with Walmart. (F.F.

2

Nos. 1 & 3, Board's decision at 2.) Although Claimant asserted that the offer from Walmart was for full-time employment and only later did he learn that it was part-time, the Board did not find Claimant credible, noting that Claimant also admitted that he assumed the employment with Walmart was full-time. (Board's decision at 2.) Thus, the Board found that Claimant failed to establish that the offer from Walmart was actually for full-time employment. (Board's decision at 2.) The Board further concluded that Claimant's voluntary termination of full-time employment to accept part-time employment did not constitute necessitous and compelling cause to terminate employment, and accordingly, the Board denied Claimant benefits.

Claimant now petitions this Court for review of the Board's order,[2] arguing that the Board erred in denying him benefits. Claimant first argues that he unknowingly accepted a part-time job. He also argues that he quit his job with Employer because he was offered and accepted a new job, and that this alone constitutes a "necessitous and compelling reason" precluding the Board and this Court from considering the new job's lower pay and part-time status. In other words, Claimant contends that the part-time status of his subsequent job should not be considered in determining whether he had a necessitous and compelling reason to quit his full-time job with Employer. Claimant cites *Brennan v. Unemployment Compensation Board of Review*, 504 A.2d 432 (Pa. Cmwlth. 1986) and *Solar*

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

*Innovations, Inc. v. Unemployment Compensation Board of Review*, 38 A.3d 1051 (Pa. Cmwlth. 2012) as support for this argument.

Initially, we note that although Claimant argues that he quit his job because he believed he accepted a full-time job with Walmart, this is contrary to the Board's findings. The Board did not find Claimant credible with respect to his assertion that the offer from Walmart was for full-time employment and only later did he learn that it was part-time. Rather, the Board relied on Claimant's own testimony and found that Claimant merely *assumed* the job was full-time.[3] The Board is the arbiter of credibility and is free to accept or reject the testimony of any witness in whole or in part. *McCarthy v. Unemployment Compensation Board of Review*, 829 A.2d 1266 (Pa. Cmwlth. 2003). We are bound by those findings.[4] *See Gibson v. Unemployment Compensation Board of Review*, 760 A.2d 492 (Pa. Cmwlth. 2000).

Thus, we must now determine whether Claimant, who voluntarily terminated his full-time employment in order to work part-time employment, had necessitous and compelling cause to do so.[5] Whether a claimant had necessitous and compelling cause to terminate his employment is a question of law fully

---

[3] Thus, Claimant's belief also was not well-founded. *Cf. Wright-Swygert v. Unemployment Compensation Board of Review*, 16 A.3d 1204 (Pa. Cmwlth. 2011) (stating that relevant inquiry surrounding voluntary quit when accepting a voluntary early retirement package must include whether claimant's belief that her job is threatened is well-founded).

[4] Notably, Claimant does not argue that the Board's findings are not supported by substantial evidence. Instead, he simply presents his version of the facts.

[5] It appears this Court has not addressed this question under the specific circumstances presented here, although we have addressed analogous situations.

reviewable by this Court. *Morgan v. Unemployment Compensation Board of Review*, 108 A.3d 181 (Pa. Cmwlth. 2015). The claimant "has the burden of showing such cause, demonstrating that his conduct was consistent with ordinary common sense and prudence, being based on real, substantial, and reasonable factors, not on factors which are imaginary, trifling or whimsical." *Unemployment Compensation Board of Review v. Pennsylvania Power & Light Company*, 351 A.2d 698, 699 (Pa. Cmwlth. 1976). In determining whether a claimant had necessitous and compelling cause to terminate employment, we must examine the circumstances surrounding each claimant's departure on an individual basis. *PECO Energy Company v. Unemployment Compensation Board of Review*, 682 A.2d 49, 55 (Pa. Cmwlth. 1996).

As Claimant argues, *Brennan* does stand for the principle that acceptance of a firm offer of employment can be necessitous and compelling cause to terminate employment.[6] Additionally, we acknowledge that in *Brennan*, this Court stated that "[o]nce the referee determined that a valid offer had been made and accepted he erred in going further and considering Claimant's reasons for accepting the other job and in considering the conditions of the employment ...." *Brennan*, 504 A.2d at 433. However, *Brennan* is distinguishable, and Claimant's reliance on *Brennan* is misplaced.

---

[6] A firm offer of employment includes terms and conditions of employment, including wages and hours. *Baron v. Unemployment Compensation Board of Review*, 384 A.2d 271 (Pa. Cmwlth. 1978).

In *Brennan*, the claimant was employed full-time in eastern Pennsylvania and, after purchasing a home with her husband in western Pennsylvania, she applied for and was offered part-time employment in western Pennsylvania. After terminating her full-time employment but prior to commencing work with the new employer, the new employer informed her that the new job was no longer available. The claimant applied for unemployment benefits, and the referee denied benefits under section 402(b) of the Law because the new position paid less and was part-time. The Board summarily affirmed. On appeal to this Court, we reversed and found the claimant eligible for benefits. We stated that the claimant had necessitous and compelling reasons for quitting because "[c]ertainly Claimant could not perform the two jobs at two ends of the state simultaneously." *Id*. at 433. Significantly, the new employment unexpectedly became unavailable before the claimant actually started the job. Thus, the unavailability of the new position was through no fault of the claimant.

Notably, in cases where the claimant terminated employment and actually commenced employment elsewhere, this Court has considered the conditions of that other employment, as well as the claimant's reasons for accepting other employment. For example, in *Solar Innovations*, we held that the claimant did not have cause of a necessitous and compelling nature to terminate employment where he quit full-time non-temporary employment to accept a temporary job. *Solar Innovations*, 38 A.3d at 1058. We determined that the claimant's actions were imprudent and that the ultimate unavailability of work for the claimant was the result of his personal choice. We also stated that the offer and acceptance of known temporary work was different from situations such as

6

*Brennan,* where the work becomes unexpectedly available. Moreover, contrary to Claimant's assertion, our holding in *Solar Innovations* was not that the Board should consider only the reason for the quit. Rather, when we made that statement, we were simply summarizing the Board's position, which we rejected under the circumstances of that case.

Similarly, in *Empire Intimates v. Unemployment Compensation Board of Review*, 655 A.2d 662 (Pa. Cmwlth. 1995), we concluded that a claimant did not establish cause of a necessitous and compelling nature to terminate her full-time employment where she was working two available jobs currently and terminated the full-time job in favor of the part-time job. Again, we distinguished *Brennan* because *Empire Intimates* did not involve a situation where the accepted job ultimately was unexpectedly unavailable. In deciding the question presented, we considered—

> whether a claimant voluntarily left job number one with a reasonable expectation of maintaining a source of income from employment at job number two. Where that expectation falls short through no fault of her own, i.e., the job becomes unavailable, the courts have held that the claimant had good cause for quitting job number one, thus entitling the claimant to benefits.

*Empire Intimates*, 655 A.2d at 664. However, we stated that under the circumstances, where the claimant was working two available jobs and chose one over the other, "her assessment of the benefits and disadvantages of each job is still relevant," as there was "no unknown external factor suddenly limiting her source of income." *Id*. at 664-65. We concluded that the claimant's reduction in income was derived solely from a personal decision to accept an alternatively available

7

job, which was not necessitous and compelling cause. In other words, because it was a personal choice, she was not unemployed through no fault of her own, and therefore, was not eligible for benefits.

We are mindful that "[t]he legislature has declared that unemployment reserves are 'to be used for the benefit of persons unemployed through no fault of their own.'" *Id.* at 665 (*quoting* Section 3 of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. § 752.) Thus, where one leaves employment for other employment that is available and yet the claimant still seeks benefits, we must necessarily examine the reasons for accepting the other job and consider the conditions of that other employment to determine if the claimant is unemployed through no fault of his or her own.

Here, Claimant accepted a part-time position by choice and commenced that employment. There was no external factor that subsequently unexpectedly limited Claimant's source of income. Moreover, quitting a full-time job in exchange for a part-time job that Claimant *assumed* was full-time is not consistent with common sense and prudence. *Cf. Solar Innovations* (concluding that the claimant's actions were imprudent where he quit his regular, non-temporary job in exchange for a temporary job of fixed duration). Claimant simply is not "unemployed" through no fault of his own. Thus, Claimant did not satisfy his burden to establish that he had cause of a necessitous and compelling nature to voluntarily terminate his employment with Employer.

8

Accordingly, we affirm the Board's order finding Claimant ineligible for benefits under section 402(b) of the Law.

_____
JULIA K. HEARTHWAY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Ackley,                        :
                    Petitioner         :
                                       :
          v.                           :   No. 1885 C.D. 2016
                                       :
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :

## O R D E R

AND NOW, this 13th day of July, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

_____
JULIA K. HEARTHWAY, Judge