IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew Cortez, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 776 C.D. 2022 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | Submitted: March 24, 2023 |

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE ELLEN CEISLER, Judge
                    HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                            FILED:  May 30, 2023

Matthew Cortez (Claimant) petitions for review of the June 22, 2022 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee to deny Claimant unemployment compensation (UC) benefits.  The Board determined that Claimant was ineligible for UC benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because he voluntarily quit his employment without cause of a necessitous and compelling nature.  We affirm the Board's Order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).  Section 402(b) of the Law provides that an employee is ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."  43 P.S. § 802(b).

**Background**

Claimant worked as a full-time team lead for Reading Truck Group, LLC (Employer), from October 26, 2018, through April 16, 2021. Bd.'s Finding of Fact (F.F.) No. 1. Claimant's final rate of pay was $22.00 per hour. *Id.*

On March 27, 2021, Claimant attended a job fair and spoke with a representative from Case New Holland Industrial (Case) about possible employment. *Id.* No. 2. Thereafter, Claimant had an on-site interview at Case for a full-time laser machine operator position that would pay $23.16 per hour. *Id.* Following the interview, Claimant exchanged emails with Case and its human resources department about possible employment. *Id.* No. 3.

On March 28, 2021, Claimant informed his supervisor that he was resigning to accept a position with Case beginning on April 26, 2021. *Id.* No. 4. On April 1, 2021, Case reached out to Claimant for a second interview. *Id.* No. 5. Claimant had his second interview on April 5, 2021, after which Case offered him a third-shift laser machine operator position, contingent on him passing a drug screening test. *Id.* No. 6.

On April 6, 2021, Claimant received confirmation that he was hired for the position with Case. *Id.* No. 7. Case then moved Claimant's start date to April 19, 2021, and Claimant moved his final date with Employer to April 16, 2021. *Id.* No. 8.

On April 19, 2021, after his final day with Employer, Claimant met with Case's human resources department and was told that Case was not ready to move forward with his employment just yet. *Id.* No. 9. Two days later, on April 21, 2021, Case informed Claimant that it was not moving forward with his employment due to his criminal background check. *Id.* No. 10. On the same day, Claimant contacted

2

Employer to inquire about returning to work, but Employer told him there were no available positions. *Id.* No. 11.

Claimant filed a claim for UC benefits, which the Department of Labor and Industry (Department) denied. The Department determined that Claimant was disqualified from receiving UC benefits under Section 402(b) of the Law because he voluntarily "left [his] employment to seek other work." Record (R.) Item No. 4. The Department found that Claimant "only had a conditional job offer from [Case]" before quitting and that his last day of work with Employer was April 15, 2021. *Id.*

Claimant appealed to the Referee, who held a telephone hearing on August 12, 2021. Claimant appeared with counsel and testified on his own behalf. Employer did not appear at the hearing. Following the hearing, the Referee affirmed the Department's decision, concluding:

> [C]laimant . . . credibly testified that he informed [E]mployer that he was resigning on March 28, 2021 because he had an impression [that] he would receive another offer of work and he was dissatisfied with a recent performance review. The Referee finds that [C]laimant failed to meet his burden of proof that he voluntarily left work for necessitous and compelling circumstances *since he did not have a bona fide offer of other employment prior to submitting his resignation notice*.

Ref.'s Order, 8/16/21, at 3 (emphasis added). Therefore, the Referee concluded that Claimant was ineligible for UC benefits under Section 402(b) of the Law.

Claimant appealed to the Board, which issued its own findings of fact and conclusions of law and affirmed the Referee's decision. The Board concluded:

> [C]laimant asserts that he had a firm offer of employment as of his last day of work on April 16, 2021. *However, the operative date is the day the employee resigns, not his last day of work*[.] *See* [*Twp. of*] *N*[.] *Huntingdon . . . v*[. *Unemployment Comp. Bd. of Rev.*], 450 A[.]2d 768 (Pa[.] Cmwlth[.] 1982) *("[A]t the time* [*the c*]*laimant tendered his resignation, the offer of employment was firm* and [the c]laimant has

the 'burden to prove that his justification for leaving his employment continued to exist until at least the point in time when his resignation took effect. . . .'").

*Because* [C]*laimant did not have a firm offer of employment when he tendered his resignation, but only a possibility,* [he] *did not have necessitous and compelling reasons for leaving his employment*[.]

Bd.'s Order, 6/22/22, at 2-3 (emphasis added). Claimant now appeals from that decision.[2]

### Analysis

On appeal, Claimant asserts that the Board erred in concluding that he was ineligible for UC benefits because the evidence established that he had a firm offer of employment from Case when he separated from Employer on April 16, 2021. He contends that the Board erroneously looked to his date of resignation, rather than the date of his separation from Employer, in determining his eligibility for UC benefits. We disagree.

"A claimant who voluntarily terminates his employment has the burden of proving that a necessitous and compelling cause existed." *Solar Innovations, Inc. v. Unemployment Comp. Bd. of Rev.*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012). Our Court has held that the receipt and acceptance of a firm offer of employment constitutes cause of a necessitous and compelling nature. *Id.* A firm offer of employment is one that contains the specific conditions of employment, such as wages, hours, duties, and a starting date. *Baron v. Unemployment Comp. Bd. of Rev.*, 384 A.2d 271, 272 (Pa. Cmwlth. 1978). "The offer of employment, however, must be definite, and the claimant must act prudently with regard to his employer." *N.*

---

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

*Huntingdon*, 450 A.2d at 769 (footnotes omitted). While "the receipt and acceptance of a firm offer of employment does constitute termination for cause of a necessitous and compelling nature . . . [*t*]*he mere possibility of obtaining another job is insufficient* to establish that employment was terminated for good cause." *Solar Innovations*, 38 A.3d at 1056-57 (emphasis added).

In determining whether the claimant had a firm offer of work justifying his voluntary quit, our case law instructs that the operative date is the date the claimant resigns, *not* the claimant's last day of work. *See N. Huntingdon*, 450 A.2d at 770 (looking to the terms of the claimant's offer of employment "*at the time* [*the c*]*laimant tendered his resignation*" to determine if the offer was, in fact, definite) (emphasis added); *Unemployment Comp. Bd. of Rev. v. Pa. Power & Light Co.*, 351 A.2d 698, 700 (Pa. Cmwlth. 1976) (concluding that, based on the circumstances surrounding his offer of employment *at the time the claimant submitted his notice of resignation*, the test for necessitous and compelling cause was met); *see also Lane v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 576 C.D. 2014, filed Oct. 21, 2014), slip op. at 2-4 (affirming the denial of UC benefits where "[t]he Board found that [the] 'claimant ha[d] not credibly established that he had a firm offer of other employment *at the time he quit*'" and where "'[t]he claimant admit[ted] that *he tendered his resignation notice without having a start date for the other employment*'") (quoting the Board's decision) (emphasis added).[3]

Here, it is undisputed that Claimant tendered his resignation to Employer on March 28, 2021, *prior to* his second interview with Case. Bd.'s F.F. No. 4; Notes of Testimony (N.T.), 8/12/21, at 10. At the hearing, Claimant testified that Case did

---

[3] Pursuant to this Court's Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

not formally offer him a job until April 6, 2021, and even then, "[Case] told [him] that there was going to be further things that [he] needed to get done. [He] needed to be hired on full-time. [He] needed to . . . pass a urine screen." N.T., 8/12/21, at 8-9. Based on Claimant's own testimony, which the Board credited, the Board properly concluded that at the time Claimant tendered his resignation to Employer on March 28, 2021, he did *not* have a firm offer of employment with Case, but only *the possibility* of employment.[4]

## Conclusion

We conclude, based on the credible evidence of record, that the Board properly determined that Claimant did not have a firm offer of employment with Case at the time he resigned from his position with Employer. Therefore, we agree with the Board that Claimant is ineligible for UC benefits under Section 402(b) of the Law. Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

---

[4] We also conclude that Claimant's reliance on *Brennan v. Unemployment Compensation Board of Review*, 504 A.2d 432 (Pa. Cmwlth. 1986), and *Antonoff v. Unemployment Compensation Board of Review*, 420 A.2d 800 (Pa. Cmwlth. 1980), is misplaced, as those cases are factually distinguishable. In *Brennan*, the Board found that the claimant, unlike Claimant in this case, had received and accepted a firm offer of work prior to quitting her job with her employer. 504 A.2d at 432-33. In *Antonoff*, in considering whether the claimant acted prudently toward his employer, this Court held that if the claimant's new job offer falls through *before* his last day of work, the claimant must seek to rescind his resignation prior to his last day, a fact not present in this case. 420 A.2d at 801-02; *see also Pa. Power & Light*, 351 A.2d at 700 (holding the same).

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Cortez,                                    :
                    Petitioner                     :
                                                   :
        v.                                         : No. 776 C.D. 2022
                                                   :
Unemployment Compensation                          :
Board of Review,                                   :
                    Respondent                     :

# **O R D E R**

AND NOW, this 30th day of May, 2023, the Order of the Unemployment Compensation Board of Review, dated June 22, 2022, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge